DAVID RANDOLPH, Plaintiff in Error, *v.* JACOB EMERICK, Defendant in Error.

ERROR TO McDONOUGH.

A motion for security for costs, where a non-resident is plaintiff, must be made in apt time; it will be too late, if made after a defendant should have pleaded in abatement.

If the record shows affirmatively, that a motion to dismiss was made and sustained for a particular reason, it is sufficient to bring up the cause for revision, without the aid of a bill of exceptions.

The office of a bill of exceptions, is to introduce matter into the record; but where the record shows upon its face all the necessary proceedings and decisions, a bill of exceptions is unnecessary.

THIS was an action of assumpsit brought by Randolph against Emerick in the McDonough Circuit Court. The declaration contained two counts, one against Emerick as an indorser of a promissory note, and the other for money paid, laid out, and expended.

To this declaration a demurrer was filed, and sustained to the count against the indorser. Randolph, on leave of the court, amended his declaration, and filed three new counts, all declaring

against Emerick as indorser. Emerick filed a demurrer to the first and third of the amended counts, and moved to have the second amended count struck from the files. The court sustained the demurrer to the first of the amended counts, and overruled it as to the third, and continued the cause. At the next term, Emerick did not file any other plea, and the court, MINSHALL, Judge, presiding, gave judgment for Randolph, by default, for $298.50 and costs. On the same day, Emerick filed his affidavit in support of a motion to set aside this judgment. The court, at October term, 1850, sustained the motion, and the judgment was set aside. Emerick then filed his affidavit, showing that Randolph, at the time of the commencement of the suit, was not a resident of this State, but was a resident of the State of Ohio, and moved the court to have the suit dismissed, for the want of security for costs on file; which motion the court sustained, and dismissed the suit, and entered judgment against Randolph for costs, and awarded execution. The record shows the following entries:—

" D. Randolph *v.* Jacob Emerick, *assumpsit.*"

" And now again comes the defendant and files his motion to dismiss this suit for want of security on file."

" David Randolph *v.* Jacob Emerick, *assumpsit.*

" And now on this day came on to be heard the motion to dismiss this suit; and after hearing the argument of counsel, it is ordered by the court that said motion be sustained, and that this suit be dismissed. Thereupon it is ordered by the court, that the defendant have and recover of the plaintiff his costs by him in this behalf laid out and expended, and that execution issue therefor."

Randolph assigns for error the dismissal of the suit, for the want of security for costs.

BROWNING & BUSHNELL, for plaintiff in error,

Cited Gallimore *v.* Dazey, 12 Ill. 143; Trustees of Schools *v.* Walters, Id. 154.

R. S. BLACKWELL, for the defendant in error,

Cited 2 Ill. (1 Scam.) 233; 6 Ill. (5 Gilm.) 559; 12 Ill. 27; Id. 154.

TREAT, C. J.   Randolph brought an action of assumpsit against Emerick.   The defendant filed a demurrer to the declaration, which was sustained to the first count, and overruled as to the second count.   The plaintiff then amended his declaration by the addition of two new counts; and a demurrer was sustained to one of them, and overruled as to the other.   At the next term, a judgment by default was rendered against the defendant.   It was set aside on his application; and he then entered a motion to dismiss the suit, because no bond for costs had been filed.   The court sustained the motion, and dismissed the case.   That decision is assigned for error.

The statute requires a non-resident plaintiff to file a bond for costs, before the commencement of his action.   The opinion was expressed in the case of the Trustees v. Walters, 12 Ill. 154, that a motion to dismiss a suit, for a failure by the plaintiff to comply with this requisition of the statute, must be made before the time has passed for pleading in abatement, or it will not avail the defendant.   The objection is of a dilatory character, in the nature of a plea in abatement, and if not insisted on at the proper time, is to be considered as waived.   In this case, the motion came too late.   A defendant cannot plead in abatement of an action, after he has demurred to the declaration.   If his demurrer is overruled, he must plead to the merits.

It was suggested on the argument, that the plaintiff should have taken a bill of exceptions to the decision of the court dismissing the case.   The record recites a motion made by the defendant, to dismiss the suit because no bond for costs had been filed by the plaintiff.   This statement is sufficient to bring up the decision of the Circuit Court for revision.   It affirmatively appears, from an entry on the record, that the court sustained a motion to dismiss, which the defendant had no right to interpose.   The office of a bill of exceptions is to introduce matter into the record, which does not already appear there.   Here, the character of the motion, and the circumstances under which it was made, clearly appear on the face of the record; and a bill

of exceptions would not have brought any new matter into the record. If the record failed to show the nature of the motion, a bill of exceptions might be necessary to present the question, for otherwise this court would not be advised of the ground upon which the suit was dismissed.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*