14    45
100a  *634

THOMAS F. CASEY, Plaintiff in Error, v. ELIJAH B. HARVEY, Defendant in Error.

## ERROR TO JEFFERSON.

A justice of the peace has not jurisdiction over actions to recover the penalty given by statute, for the seizure of property exempt from sale on execution, where the treble value of the property taken is more than one hundred dollars.

It will be presumed that the circuit court decided correctly, unless the contrary affirmatively appears from the record.

THIS cause was heard before DENNING, Judge, at September term, 1852, of the Jefferson Circuit Court.

The opinion of the court furnishes a statement of the case.

R. F. WINGATE and R. S. NELSON, for plaintiff in error.

D. BAUGH and H. MONTGOMERY, for defendant in error.

TREAT, C. J.    Casey sued Harvey before a justice of the peace.    He claimed to recover the sum of $99, it being three times the value of certain property taken by Harvey as a constable, which was exempted from sale on execution.    The justice rendered judgment in favor of Casey, and Harvey took an appeal to the circuit court.    The record of the proceedings in the latter court reads as follows: "And now on this day came the plaintiff and also the defendant, and, by consent of parties, this cause is submitted to the court upon evidence; the court having heard and considered the evidence, and being well advised in the premises, considers and orders that this cause be, and the same is hereby dismissed, for the want of jurisdiction in the justice of the peace who took cognizance thereof."    The dismissal of the suit is assigned for error.

The record does not present the question, whether a justice of the peace has jurisdiction of an action to recover the penalty given by statute for the seizure of property exempt from sale on execution.    It does not appear that the suit was dismissed because a justice has no jurisdiction over actions of this character.    It is clear that a justice has not jurisdiction of such an action, where the treble value of the property taken is more than one hundred dollars.    It is a fair inference from the record of this case, that the suit was dismissed because it appeared from the evidence that the treble value of the property exceeded the maximum of a justice's jurisdiction.    If such was the fact, the

decision was clearly right. And the presumption is that the court decided correctly. The decision must be sustained unless it affirmatively appears from the record that it was erroneous, or unless this court can say that a state of case could not have arisen to justify it. The record does not show an erroneous ruling of the court; nor does it authorize an inference that the suit was dismissed for the reason that a justice has no jurisdiction over a penal action : on the contrary, it justifies the conclusion that the suit was dismissed on a different ground, the propriety of which admits of no question. If the suit was dismissed merely because a justice has no jurisdiction of this class of actions, that fact ought distinctly to appear on the face of the record, by a bill of exceptions, or in some other legitimate way. As the record fails to show such a state of case, and as the suit may properly have been dismissed on another ground, the judgment must be affirmed.

*Judgment affirmed.*