BENJAMIN F. MORRIS, Plaintiff in Error, *v.* THE TRUSTEES OF SCHOOLS, &c., Defendants in Error.

### ERROR TO HANCOCK.

Objections that an attachment bond is defective, cannot be raised for the first time in this court. They should first be made in the court below.

Two writs of attachment may be issued at the same time to different counties.

The sheriff executing an attachment should make a return as to the defendant, or the plaintiff cannot properly proceed to judgment.

Sheriffs may make amendments to their returns, without notice to the opposite party, even after their term of office has expired.

It is not necessary in advertising notice to defendants in attachment, to state what counties the writs were issued to, or give a description of the property attached.

It is not necessary in an action of this kind, to allege in the declaration that the township had been regularly incorporated, if the suit is brought in the corporate name of the township.

THIS cause was heard before WOODSON, Judge, and the facts will be found in the opinion of the court.

BROWNING and BUSHNELL, for plaintiff in error.

WHEAT and GROVER, for defendants in error.

TREAT, C. J. This was a proceeding by attachment, sued out in the name of the " Trustees of Schools of township four north, of range six west, in Hancock county, Illinois,".against B. F. Morris. It was commenced in the Hancock Circuit Court, on the 30th of April, 1851. The affidavit stated that the defendant was justly indebted to the plaintiffs, "in the sum of about seven hundred and twenty-one dollars and twenty-seven cents; that said indebtedness is by a promissory note, signed

and sealed by the said Benjamin F. Morris, bearing date the fifth day of June, 1840, and payable two years after date, for the sum of seven hundred and ninety-six dollars and fifty cents, with interest thereon, at the rate of twelve per cent. per annum, until paid; on which sealed note there is indorsed a payment of six hundred and fifty-four dollars, dated August 22d, 1842." The attachment bond was executed by Cannon, Burner, Newingham, and Lionberges, the three first being described in the condition, as the trustees of schools of the township. Writs of attachment were issued at the same time to the counties of Hancock and Adams, returnable to the June term, 1851. The sheriff of the former county returned, that he had levied on certain tracts of land; and the sheriff of the latter county made return, that he had levied on certain real estate, and that he could not find the defendant in the county. In August, 1851, notice of the pendency of the proceeding was regularly published in a newspaper of Hancock county. It stated, that a writ of attachment had been sued out of the clerk's office of the circuit court of said county, at the suit of the above-named plaintiffs, against the estate of you, the defendant, dated the 30th day of April, 1851, for the sum of seven hundred and twenty-one dollars and twenty-seven cents, directed to the sheriff of said county to execute, which said writ has been returned into the clerk's office, by the said sheriff, as levied upon the following real estate of you, the said defendant, to wit, the north-east quarter of the north-west quarter of section nineteen, in township four north, range eight west; also west half of the south-west quarter of section nineteen, township four north, range nine west, Hancock county, Illinois; now unless you, the said Benjamin F. Morris, shall be and appear before the judge of our said circuit court, on the first day of the next term thereof, to be holden at the court house in Carthage, on the first Monday of October next, give bail and plead to the said plaintiffs' action, judgment will be rendered against you by default, for the above amount, and the premises attached ordered to be sold to satisfy the same with costs." The declaration was filed on the fourth of October, 1851. It was in debt upon a promissory note, bearing date the 5th of June, 1840, by which the defendant and two other persons jointly and severally promised to pay, two years after date, to " Benjamin F. Marsh, school commissioner and agent for the inhabitants of the county of Hancock, for the use of township four north, of range six west, the sum of seven hundred and ninety-six dollars and fifty cents, with interest thereon at the rate of twelve per cent. per annum, half-yearly in advance, from this date." It alleged, generally,

that the defendant thereby became liable to pay the plaintiffs the amount of the note; and that he had not paid the same to them, or the school commissioner. There was no averment that the inhabitants of the township had become incorporated. On the 8th of October, 1851, the default of the defendant was entered, and judgment rendered against him for $353.55 debt, and $387.13 damages, with an order for execution against the property attached. In February, 1853, the defendant sued out a writ of error from this court; and at the October term, 1853, of the Hancock circuit court, leave was given to the sheriff who levied the writ of attachment issued to that county, to amend his return thereto, which he thereupon did by adding, "and I cannot find the within named Benjamin F. Morris in my county." The sheriff's term of office had previously expired. This leave was granted at the instance of the plaintiffs in attachment, and without notice to the defendant.

1. It is assigned for error that the bond was defective, because not executed by the plaintiffs in attachment. Such an objection cannot be made for the first time in this court. The statute provides that an attachment shall be dismissed for any insufficiency of the bond, if the plaintiff will cause a sufficient bond to be filed. The objection should have been made in the court below, and an opportunity afforded the plaintiffs to obviate it by giving another bond. Unless made and overruled in that court, it cannot be insisted on here. The case of Miere v. Bursh, 3 Scammon, 21, is to the point. That was a writ of error brought by a defendant in attachment, and the error relied on was the insufficiency of the attachment bond. This court held the bond to be defective, but affirmed the judgment, because the objection was not raised in the circuit court. It said: " This defect cannot now be assigned for error; the party should have taken the objection in the court below, where the plaintiff in the attachment could have availed himself of the provisions of the statute by filing a new bond."

2. It is objected that two writs of attachment were issued at the same time to different counties. The statute provides: " Where any attachment has issued out of the circuit court in any county, it shall be lawful for the plaintiff, at any time before judgment, to cause an attachment to be issued to any other county of this State, where the defendant may have lands, goods, chattels, rights, credits, or effects, which writ of attachment the sheriff to whom it shall be directed shall levy on the lands, goods, chattels, rights, credits, and effects of the defendant in such county, and make return thereof as in other cases." It is insisted that an attachment should not issue to a foreign

Morris *v.* Trustees of Schools.

county, until. the writ issued to the county in which the pro-
ceeding is pending has been returned, and it appears from the
sheriff's return that the levy is not sufficient to secure the pay-
ment of the plaintiff's demand. But the statute does not admit
of such a construction. It expressly authorizes the plaintiff to
sue out a second attachment at any time before judgment. He
is not bound to wait until the first writ is returned. He may
sue out writs of attachment to different counties at the same
time. If he causes more property to be attached in this way,
than is reasonably necessary to secure the payment of his debt,
he may be held liable by the defendant for an excessive levy.

3. It is assigned for error that the sheriff of Hancock county
made no return on the writ, as to the defendant. The statute
requires the sheriff to "serve said writ upon the defendant
therein if he can be found, by reading the same to him or de-
livering a copy thereof." It is the design of the law that a
defendant in attachment shall have personal notice of the pro-
ceeding, whenever that is practicable. It is the duty of the
officer to search for the defendant in his bailiwick, and make
return of the writ as in other cases. And the plaintiff cannot
properly proceed to judgment, until the return is made. This
objection must prevail, unless it was removed by the return
subsequently made. This question was in effect settled in the
case of Moore *v.* Purple, 3 Gilm. 149. It was there assigned
for error that the sheriff had made no return to a writ of
inquiry, and this court continued the cause to enable the
appellee to apply to the circuit court, for leave to the sheriff to
indorse the proper return on the process. On leave obtained in
the court below, and without notice to the appellant, the sheriff
made a return showing a due execution of the writ, and that
return was certified into this court. It was contended in that
case, as it is in the present, that notice of the application should
have been given. But the court answered: "We think not.
Amendments by sheriffs to their returns to process, are of course.
No resistance could have been made to the application to
amend. Should the sheriff make a false return, he is responsi-
ble for the consequences." That decision is conclusive of this
case, except in one particular. Here the official term of the
sheriff had expired. But that did not prevent him from perfect-
ing the return. He amended the return as sheriff, and he may
be held liable in that character if it was false. It was not the
doing of a new act, but merely furnishing the legal evidence of
an act done while in office. This position is sustained by
adjudged cases. In Adams *v.* Robinson, 1 Pick. 461, a sheriff
was allowed to sign a return to an attachment, after he had

23 *

ceased to be an officer. In Gray v. Caldwell, Hardin, 63, a sheriff was permitted to indorse a return on a writ of *ad quod damnum*, several years after he was out of office. See also Childs v. Barrows, 9 Metc. 413; Gilman v. Stetson, 16 Maine, 124; Rucker v. Harrison, 6 Munf. 181; Hutchins v. Brown, 4 Harris & McHenry, 498; and Brown's Admr. v. Hill, 5 Pike, 78.

4. It is insisted that the advertisement was defective. The statute makes it the duty of the clerk, on the return of a writ of attachment, "to give notice for four weeks successively, in some newspaper published in this State, most convenient to the place where the court is held, of such attachment, and at whose suit, against whose estate, for what sum, and before what court the same is pending; and that unless the defendant shall appear, give bail, and plead, within the time limited for his or her appearance in such case, judgment will be entered, and the estate so attached will be sold." The notice in question was a full compliance with this requirement of the statute. It contained every thing that the statute prescribes. It stated by whom and against whose estate the attachment was sued out, the court in which it was pending, the time when the defendant should appear, and the amount claimed by the plaintiffs; and that is all that the statute contemplates. It was not necessary to state to what counties the writs of attachment issued, or to give any description of the property attached.

5. It is alleged that the declaration was defective, in not averring the incorporation of the township. The statute provides that a township, upon the election of trustees, "shall be a body corporate and politic, by the name and style of trustees of schools," &c. This suit was brought in the corporate name of the township, and the declaration was upon a note made to the use of the township, with an averment that the defendant became liable to pay the same to the plaintiffs. That was sufficient. It was not necessary to allege, that the township had been regularly incorporated. It was enough to sue in the name of the corporation, without showing on the face of the declaration how it came into existence. Even if the suit had been contested, it would have required a plea of *nul tiel* corporation, to put in issue the incorporation of the township. McIntire v. Preston, 5 Gilm. 48.

6. It is contended that judgment was entered for a larger amount than the affidavit showed to be due the plaintiffs. This is not true in point of fact. A calculation of the amount due on the note described in the affidavit, will show that there was no excess in the assessment. The aggregate of principal and

interest due on the 22d of August, 1842, was $1,007.57. Deduct from this amount the payment made on that day, it leaves $353.57, a fraction more than the debt recovered. The interest on this balance, until the judgment was rendered, was fully equal to the damages awarded.

On the whole record, the judgment must be affirmed.

*Judgment affirmed.*