JOHN J. MILLER, Plaintiff in Error, *v.* JOHN G. METZGER, Defendant in Error.

ERROR TO JO DAVIESS.

All motions of a dilatory nature, should be interposed at the first opportunity. If any reason exists for the delay in making such a motion, it should be shown to the court in support of it.

If a bill of exceptions fails to show that an affidavit in support of such a motion set out in the bill was the only evidence offered, this court will presume that the Circuit Court decided correctly.

If the record does not propose to set out all the evidence, it will be presumed there was sufficient proof to sustain the verdict.

Where an instrument is attested by a witness, he should be called to prove it, if within the jurisdiction of the court.

Questions as to the admissibility of evidence, are for the court, not for the jury.

An affidavit in aid of a plea of *non est factum*, is not evidence for the jury.

Courts may allow amendments of pleadings on the trial, if not against the positive rules, to secure the ends of justice, if the opposite party is not thereby taken by surprise; if so, a continuance may be allowed.

Where profert of an instrument is alleged in the proceedings, and the instrument is afterwards lost, leave should be granted to amend, and the opposite party may then know the character of evidence to be offered.

THIS cause was decided by SHELDON, Judge, and a jury, at March term, 1853, of the Jo Daviess Circuit Court. See opinion for the statement of the case.

R. S. BLACKWELL, for Plaintiff in Error.

HIGGINS, BECKWITH and STROTHER, for Defendant in Error.

SKINNER, J. John G. Metzger, on the 20th day of December, 1851, sued out of the circuit court of Jo Daviess county, an attachment against the effects of John J. Miller. At the March term, 1852, Miller filed his plea in abatement, upon which, issue to the country was joined. A verdict was rendered upon the issue, for Metzger. Miller moved to set aside the verdict, which motion was overruled. By agreement, Miller plead to the merits, issue to the country was joined, and the cause was continued. At the August term, 1852, William Miller, as agent of John J. Miller, filed his affidavit, alleging that the suit was commenced by one Marr, and that said Marr had no authority from Metzger to commence the suit. The cause was continued, and at the November term, 1852, the motion to dismiss was overruled. A jury was sworn to try the issue. Upon the trial, Metzger offered to prove the loss of the writing obligatory sued on, subsequent to the commencement of the suit, and to prove the same by secondary evidence. *Profert* of the writing obligatory was averred in the declaration.

To this evidence Miller objected, and the court sustained the objection. Metzger then moved the court for leave to amend his declaration, by striking out the averment of *profert*, and inserting an averment of loss of the writing obligatory. The court sustained the motion, upon condition that Metzger pay all costs up to that time, and submit to a continuance, if Miller chose to have a continuance. Miller demanded a continuance, a juror was withdrawn, the eleven discharged, and the cause continued.

At the March term, 1853, William Miller, as agent of John J. Miller, filed his affidavit, alleging that he believed the defendant below could not have a fair trial in that court, and alleging for cause, that the judge was prejudiced against Miller, and that his belief was founded on the rulings of said judge in the case, and Miller thereupon moved for a change of venue. The motion was overruled. Miller also moved to suppress the deposition of one Barton, taken in the cause by Metzger, which motion was overruled, but enough does not appear upon the record to determine upon the ruling of the court in this particular. Miller filed additional pleas, upon which issue to the country was joined. A jury was sworn, and a verdict rendered for the

plaintiff below. Motion for new trial; motion overruled. Motion in arrest of judgment; motion overruled, and judgment on the verdict.

Miller sued out a writ of error, and assigns for error, the following :

First. The overruling his motion to dismiss the suit.

Second. The allowing Metzger to amend his declaration on the trial.

Third. The overruling Miller's motion for change of venue.

Fourth. The allowing the deposition of Barton to be read in evidence.

Fifth. The overruling the motion for a new trial.

Sixth. The overruling the motion in arrest of judgment.

Seventh. The overruling, by the court, of the order of a former term.

The first, second and fifth assignments only are relied upon, in argument, by plaintiff in error, for a reversal of the judgment, and the other assignments are evidently not well founded.

The court did not err in refusing to dismiss the suit. The affidavit of William Miller, upon which it is based, denies the authority of Marr to commence the suit, but does not show *when* such want of authority came to his knowledge, or to the knowledge of the plaintiff in error. Like all other motions of a dilatory nature, this motion should have been interposed at the first opportunity.

If the plaintiff in error, or his agent, was ignorant of the alleged want of authority until after the preceding term, such fact should have been stated in the affidavit as an excuse for not before making the objection.

In this case, the suit was commenced in December, 1851. At the March term, 1852, the plaintiff in error appeared, plead in abatement, had a trial on the issue formed, and afterwards, by consent, plead to the declaration. At a subsequent term, for the first time, and without any excuse for delay, he objects, that the attorney appearing for the defendant in error, had no authority to commence the suit. *Frink* v. *Flanagan*, 1 Gil. 35 ; *Randolph* v. *Emerick*, 13 Ill. 344 ; 12 Ill. 27, 154 ; 5 Gil. 559 ; 15 Ill. 266 ; *Fry* v. *County of Calhoun*, 14 Ill. 132.

The record in this case, fails to show that the affidavit of William Miller was the only evidence touching this question, before the court upon the hearing of the motion. This court, therefore, will presume that the circuit court, upon the fact presented by the affidavit, decided correctly. *Casey* v. *Harvey*, 14 Ill. 45 ; *Vandruff* v. *Craig et al.*, ibid. 394 ; *Glaney* v. *Elliott*, ibid. 456.

We cannot say that the circuit court erred in overruling the motion for a new trial.

The record does not profess to set out all of the evidence, and in such case, this court will presume there was sufficient evidence to justify the verdict. *Rowan* v. *Dash*, 4 Scam. 460. In this case, the plaintiff in error filed his plea of *non est factum*, denying, under oath, the execution of the writing obligatory sued on.

The court refused, on the trial, to give this instruction: " That when the execution of an instrument is denied under oath, and it is attested by a witness, that witness should be called, if he can be had, and that proof of the hand-writing should not be received to overthrow the positive oath of the defendant, unless such proof is full, ample, and cleared from all suspicion." This instruction was properly refused. It is true, that where an instrument of writing is attested by a subscribing witness, he should be called to prove the execution, if within the jurisdiction of the court; but this was a question of admissibility of evidence, upon which it was the duty of the court, and not the jury, to determine.

The second branch of the instruction assumes, that the oath of the defendant below, accompanying his plea of *non est factum*, is evidence upon the trial of the issue, which the plaintiff below was bound to overthrow by countervailing evidence. Such is not the law.

The oath answers no other purpose than to compel the opposite party to prove the execution of the instrument, the same as he was bound to do at common law, under the plea of *non est factum*. Under the statute, such plea, not verified by affidavit, admits the execution. The affidavit effects the denial of the execution, and no more. It is not evidence for the jury.

The next question is: did the court err in allowing the plaintiff below, on the trial, to amend his declaration, and in directing a juror to be withdrawn, and continuing the cause.

All the plaintiff in error can complain of, is, the allowing the defendant in error to amend his declaration on the trial. The continuance was at his instance, and it was necessary for that purpose that the jury should be discharged.

Although the court should not allow amendments upon the trial, to the surprise or prejudice of the opposite party, yet a discretion in this respect is necessary to the administration of justice ; and when exercised to save rights and advance justice, and is not against the positive rules of law, no one can rightfully complain.

The power to discharge a jury must of necessity reside in the court, otherwise there would often be a total failure of justice. A material witness may be taken ill, a party by fraud may get

his adversary's witness beyond the reach of the court, a juror may be taken sick and die, and many other occurrences incident to human affairs, may arise, where the court must exercise such power; and it has often been done, even in criminal cases. *Stone* v. *The People*, 2 Scam. 326; *The People* v. *Barrett*, 2 Carne's R. 303; *The State* v. *Weaver*, 13 Iredell's R. 203; *The People* v. *The Judges of Common Pleas*, 8 Cow. 127; *The People* v. *Ellis et al.*, 15 Wend. 371.

The general rule is, where *profert* is alleged, the party must produce, on the trial, the original instrument, and cannot prove its execution and contents by secondary evidence; but in some recent cases, it is held, that if the instrument is lost *after* the commencement of the suit, such secondary evidence may be introduced on the trial, the same as if excuse of *profert* had been averred. *Jones* v. *Robinson*, 6 English's R. 504; *Taylor* v. *Peyton*, 1 Washington's R. 252.

The better rule undoubtedly is, that where *profert* is alleged in the pleadings, and the instrument is *afterwards* lost, to amend the pleading, and aver the *loss* as an excuse of *profert*, and thereby notify the opposite party of the kind of proof to be introduced on the trial. 1 Chitty's Pl. 365.

The court took this view of the case, allowed the amendment upon terms, and gave the opposite party a continuance.

This, we think, under the circumstances, the exercise of a wise discretion.

*Judgment affirmed.*