## THE WIGGINS FERRY COMPANY

### v.

### THE PEOPLE ex rel. Herman G. Weber, Collector, etc.

*Filed at Mt. Vernon January 18, 1882.*

1. RES JUDICATA—*in Appellate Court as to errors not assigned.* An affirmance of a judgment in the Appellate Court on appeal or writ of error, where the appellee or defendant in error files no cross-errors, is not conclusive on the latter, and he may, on writ of error from this court, assign errors, and have the original judgment reversed.

2. PRACTICE—*whether an exception is necessary.* Where an error appears in the record proper, as made up by the clerk, no exception to the judgment of the court is necessary; but if the ruling is upon matters which can only appear in the record by a bill of exceptions, it must be shown that the erroneous ruling was excepted to at the time.

3. So where the delinquent list filed by a collector on application for judgment for taxes, shows that a greater rate of city taxes has been levied against the property than is allowed by the city charter, no exception is necessary to the judgment of the county court for such excessive rate of taxes. It is sufficient that such defence was made in the written objections. The delinquent list is in the nature of a pleading, serving the office of a declaration in the case, stating what is the cause of action.

WRIT OF ERROR to the County Court of St. Clair county; the Hon. FREDERICK H. PIEPER, Judge, presiding.

Mr. H. P. BUXTON, for the plaintiff in error:

This case is submitted on the authority of *Weber, Collector, v. Traubel*, 95 Ill. 427, in which this court held the city of East St. Louis is limited by its charter to a levy of one per cent on the valuation of property. No bill of exceptions was necessary, as the error complained of appears in the delinquent list and the objections filed by plaintiff in error. The rate of the city tax appears in such list.

Mr. J. M. FREELS, for the defendant in error:

On writ of error to the Appellate Court, brought by the defendant, this judgment was affirmed. Plaintiff in error in

that court failed to assign cross-errors, and is concluded by the judgment of the Appellate Court. The question is *res judicata*, and this defendant in error has pleaded. *Graceland Cemetery Co.* v. *People*, 92 Ill. 622; 6 Wait's Actions and Defences, 769, 770.

When a former adjudication is pleaded as an estoppel, it is conclusive as a bar. Abbott on Trial and Evidence, 824.

This judgment being affirmed in the Appellate Court, there was no remanding order, and in such case none is required. Statutes of 1878, p. 982, sec. 83; *Kern* v. *Strasberger*, 71 Ill. 303; *Carmichael* v. *Vandebur*, 51 Iowa, 226.

A judgment of affirmance is conclusive while it remains unreversed. *Voorhees* v. *Bank of United States*, 10 Pet. 449. And this final judgment in the Appellate Court is not open to further proceedings in the county court. *Abrams* v. *Lee*, 14 Ill. 167.

That plaintiff in error, by failing to file cross-errors in the Appellate Court, will not be allowed to assign error in this court on appeal or error, see *Diversy* v. *Johnson*, 93 Ill. 548; *Johnson* v. *Maples*, 49 id. 105; *People ex rel.* v. *Brislin*, 80 id. 424; *Elliott* v. *Mitchell*, 28 Texas, 105; *White* v. *Allen*, 3 Ind. 561; *Nutter* v. *Junction*, 13 id. 479; *McRae* v. *Bank of Columbus*, 1 Ala. 578.

As to the conclusive effect of a judgment until reversed, as to all matters that might have been decided, see 6 Wait's Actions and Defences, 786; *Cromwell* v. *County of Sal*, 94 U. S. 352; *Perry et al.* v. *McLindon*, 62 Ga. 598; *Green* v. *Weaver*, 63 id. 302; *Sheldon et al.* v. *Patterson*, 55 Ill. 510; *Mabry* v. *Henry*, 83 N. C. 298; *Rogers* v. *Higgins et al.* 57 Ill. 247; Freeman on Judgments, sec. 323.

The record in this case nowhere shows an exception taken by the plaintiff in error to the judgment of the county court, and without which it can assign no error to said judgment in this court. *Parsons* v. *Evans*, 17 Ill. 238; *The David Force Manf. Co.* v. *Horton*, 74 id. 310; *Pottle* v. *McWarter*,

13 id. 455; *Case* v. *Fogg*, 46 Mo. 44; *Jameson* v. *Jefferson County*, 45 id. 332; *Swearingen* v. *Newman, Admr.* 4 id. 456; *St. Louis* v. *Milligan*, 18 id. 181; *London* v. *King*, 22 id. 337; *Smith* v. *Phillips*, 33 id. 43.

A party, to avail himself of an exception to a decision of the court, must except at the time the decision is made, and the bill must affirmatively show that the exception was taken at that time, or it will not be considered. *Burkett* v. *Bond*, 12 Ill. 87; *Sullivan* v. *Dollins*, 13 id. 85; *Leigh* v. *Hodges*, 3 Scam. 17; *Charlesworth* v. *Williams*, 16 id. 338; *Harbaugh* v. *Monmouth*, 74 id. 370; *Duncan* v. *Pope*, 47 Ga. 445.

An error in the ruling of the court is waived by a failure to except thereto. *York* v. *Clements*, 44 Iowa, 95; *McMillan* v. *Gilt Edge Cheese Factory*, 23 Mich. 545; *Lynch* v. *Jennings*, 43 Ind. 276.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The plea here filed in this court of a former adjudication in the Appellate Court, is the same as the first plea in the case of *Page & Buckland* v. *The People*, 99 Ill. 418, and for the reasons there given the demurrer to the plea is sustained.

The only error assigned upon the record is, that the county court erred in rendering judgment for more than ten mills on the dollar of the equalized valuation.

In *Weber* v. *Traubel*, 95 Ill. 428, we held that such a judgment, as applied to taxation in East St. Louis, was erroneous,—that that city was limited by its charter to a levy of one per cent on the valuation of property.

It is objected that this question is not properly before us, because there was no exception taken in the county court to the judgment of that court, citing *Parsons* v. *Evans*, 17 Ill. 238, and other cases in this court, as so holding. But the rule is, where an error appears in the record proper, as made up by the clerk, no exception to the judgment of the court is necessary. *Randolph* v. *Emerick*, 13 Ill. 344.

The cases cited were where the ruling was upon matters which did not appear in the record except as they were introduced into it by a bill of exceptions, which was necessary for that purpose; and in such cases it must appear that the erroneous ruling was excepted to at the time it was made. In the present case, the matter upon which the judgment was pronounced appears in the record, without the necessity of its being brought into the record by a bill of exceptions. The delinquent list of lands filed by the collector, upon which he asked judgment, showed the valuation of the property and the amount of the city tax. From this it appears that the rate per cent of taxation levied by the city is twenty-two mills on the dollar. This delinquent list is in the nature of a pleading in the case, serving the office of the declaration in a case, stating what is the cause of action.

An objection in writing was filed by defendant that the per centum of taxation assessed against the property for city purposes was greater than is allowed by the charter of the city. The record of the judgment of the county court states in terms that judgment is refused for eight twenty-seconds, and given for fourteen twenty-seconds of the city taxes. We think it appears from the record, outside of the bill of exceptions, that the city tax levied was twenty-two mills on the dollar of the valuation, and hence that there was no necessity of excepting to the judgment in order to assign error upon it.

The judgment being for fourteen mills on the dollar, which is four mills in excess of the limitation of the city charter, is erroneous, and must be reversed, and the cause remanded.

*Judgment reversed.*