NOVEL BLAIR

v.

LYMAN B. RAY et al.

*Filed at Ottawa May 12, 1882—Rehearing denied September Term, 1882.*

1. BILL OF EXCEPTIONS—*when necessary—presumption in support of judgment.* If a plaintiff wishes to assign for error the dismissal of his suit on motion, he should present the ground on which the court acted in a bill of exceptions, so that the error, if any, may clearly appear from the record. Where no reasons are assigned for a motion to dismiss a suit, nor any given which led the court to its action, it will be presumed that the dismissal was correct.

2. PRACTICE—*dissolution of injunction as to suit at law—of the proper entry to be made.* Where an entry is made showing that the proceedings in an action at law have been enjoined in equity, and the suit at law continued for that reason, it is proper, before proceeding with the cause, that an entry should be made of record showing the dissolution of the injunction.

3. DISMISSAL *of suit at law—after dissolution of injunction—sufficiency of grounds for dismissal.* An order dismissing an action of replevin and ordering a return of the property, reciting that it appearing to the court that an injunction restraining the further prosecution of the suit has been dissolved, is not sufficient to show the reason for the dismissal. It shows only that the court was authorized to proceed in the cause. The dissolution of the injunction does not of itself furnish ground for a dismissal of the suit enjoined.

4. REPLEVIN—*whether property was replevied—presumption—admission.* Although the sheriff's return to a writ of replevin fails to show a taking of the property under the writ, and its delivery to the plaintiff, it will be presumed in favor of a judgment for a return of the property, in the absence of any contrary showing in the record, that there was evidence justifying the action of the court. And an assignment of error questioning the propriety of the action of the court below in ordering a return of the property replevied, seems to be an implied admission that the property had been in fact replevied.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Grundy county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. A. W. Bulkley, for the plaintiff in error:

The Appellate Court based its decision upon the presumption that the circuit court had sufficient evidence to authorize the judgment of dismissal, in the absence of a bill of exceptions. *Blair* v. *Ray et al.* 5 Bradw. 453.

That position is untenable, as no bill of exceptions lies in such a case. It only lies as to matters occurring during the progress of the trial. *Clemson* v. *Krüper,* Beecher's Breese,. 210; *Doe* v. *Spraggins,* 1 Scam. 330; *Arentz* v. *Riehle,* id. 340; Rev. Stat. 1874, chap. 110, secs. 60, 62.

If the record shows affirmatively that a motion is sustained for a particular reason, it is sufficient to bring up the cause for review without the aid of a bill of exceptions. *Randolph* v. *Emerick,* 13 Ill. 344.

In this case the record shows, by clear inference at least, that the suit was dismissed because the injunction of the suit had been dissolved. The assigning of one special cause or reason precludes the presumption that there were other reasons.

When the errors are shown by the record of a cause, a bill of exceptions is unnecessary. *Van Dusen* v. *Pomeroy,* 24 Ill. 289; *Gallimore* v. *Duzy et al.* 12 id. 143; *Casey* v. *Harvey,* 14 id. 45.

A defendant who has suffered a judgment by default, can have no bill of exceptions. *Morton* v. *Bailey,* 1 Scam. 213.

The statute only authorizes an order for a return of the property replevied, when the plaintiff fails to prosecute his suit, or suffers a non-suit or discontinuance, or when the right of property is adjudged against him. Rev. Stat. 1874, chap. 119, sec. 22.

The plaintiff did not fail to prosecute, or suffer a non-suit or discontinuance, and there was no adjudication against him, and hence there was error to award a return. Besides, there is no indorsement on the writ that the property ever was replevied. To authorize the order for a return it must

appear the plaintiff has the property. *Prentiss* v. *Moore*, 3 Bradw. 539.

Messrs. HILL & DIBELL, for the defendants in error:

The clerk's entry does not bear the construction that the court dismissed this suit because of the dissolution of the injunction which had restrained its progress. It is not in the province of the clerk to preserve the evidence or recite the facts on which the court acts. These matters can be preserved in the record only by a bill of exceptions. *Herman* v. *Pardridge*, 79 Ill. 477.

It is an error to suppose the plaintiff could not have taken a bill of exceptions. They are required in the following cases not at all mentioned in the statute:

Motions, and affidavits, to dismiss for want or insufficiency of bond for costs, and cross-motions for leave to file bond, and the ruling and exception. *Lucas* v. *Farrington*, 21 Ill. 32; *Douglass* v. *Parker*, 43 id. 146; *Neely* v. *Wright*, 72 id. 292; *Leonard* v. *The People*, 81 id. 308; *Hyatt* v. *Brown*, 82 id. 28. Proof of service of copy of narr. and rule to plead, where such service was required by law, and default had been taken. *Iglehart* v. *Pitcher*, 17 Ill. 308. Notice of motion to supply lost files, and the evidence heard before granting such motion. *McElwee* v. *The People*, 77 Ill. 494. Motions and affidavits to set aside default. *Horn* v. *Neu*, 63 Ill. 539. Motions to strike pleas, affidavits with pleas, affidavits of claim, from the files. *Hay* v. *Hayes*, 56 Ill. 343; *Snell* v. *Trustees*, 58 Ill. 290; *Gaddy* v. *McCleave*, 59 id. 182; *Barger* v. *Hobbs*, 67 id. 596; *Harms* v. *Anfield*, 49 id. 288. Motions, petitions and affidavits for change of venue. (Notice the statute relied on by plaintiff does not provide for such exceptions, save in criminal cases.) *Schlump* v. *Reidersdorf*, 28 Ill. 68; *McElwee* v. *The People*, 77 id. 493. Affidavits on motion to quash a *venire*. *Murphy* v. *The People*, 37 Ill. 455. The ruling and exception thereto on motion to

quash petition and writ of *certiorari*, and to dismiss appeal. *Thompson* v. *White*, 64 Ill. 314. Petition, motion, affidavit and bond to remove cause to United States Circuit Court, and exception to ruling thereon. *Hartford Fire Ins. Co.* v. *Vanduzor*, 49 Ill. 489; *Cromie* v. *Van Nortwick*, 56 id. 353; *Home Ins. Co.* v. *Heck*, 65 id. 112. Motion to retax costs. *Darst* v. *Collier*, 86 Ill. 101. Affidavits on motion to quash execution and set aside judgment. *Roundy* v. *Hunt*, 24 Ill. 598; *Smith* v. *Wilson*, 26 id. 187; *Austin* v. *Lott*, 28 id. 519; *McKindley* v. *Buck*, 43 id. 490.

In the absence of a bill of exceptions showing an error, every intendment will be made to sustain the action or judgment of the court below. *Magill* v. *Brown*, 98 Ill. 235; *Barger* v. *Hobbs*, 67 id. 596; *Gardner* v. *Russell*, 78 id. 292; *Bulger* v. *Hoffman*, 45 id. 352; *Casey* v. *Harvey*, 14 id. 45; *Fanning* v. *Russell*, 81 id. 398; *St. Louis and Southeastern R. R. Co.* v. *Wheelis*, 72 id. 539; *Herman* v. *Pardridge*, 79 id. 472.

The statute authorizes a return of the property if the plaintiff fails to prosecute his suit with effect, which means with success. *Brown* v. *Parker*, 5 Blackf. 292.

In the absence of a bill of exceptions it will be presumed the court properly awarded a return of the property.

Mr. JUSTICE SHELDON delivered the opinion of the Court

This was a suit in replevin, brought by plaintiff in error against defendants in error, to recover certain personal property claimed to belong to plaintiff. The record shows that at the March term, 1876, of the Grundy county circuit court, in which the suit was instituted, the plaintiff filed his declaration, to which defendants filed two pleas; that a demurrer was sustained to them, and that further proceedings in the case were enjoined by injunction from the chancery side of the same court. At the March term, 1877, of the court, the

following order was entered of record, finally disposing of the case :

"Now, on this 23d day of March, A. D. 1877, come the said defendants, by Messrs. Hill & Dibell, their attorneys, and enter herein a motion to dismiss this suit, and for an order of return of the property replevied; and it appearing to the court that the injunction heretofore granted by this court, at the suit of Novel Blair, against the said defendants, on the chancery side of this court, has, on a final hearing of said cause, been dissolved, therefore it is ordered by the court that this suit be and the same hereby is dismissed, and that said defendants do have and recover of and from the said plaintiff the possession of the property replevied herein, and that said plaintiff make return thereof, together with their costs and charges in this behalf expended, and that a writ of *retorno habendo* and *fi. fa.* for such purpose issue out of this court; to which motion said plaintiff, by his attorney, objected, and then and there excepted to the ruling and judgment of the court."

On error, the Appellate Court for the Second District affirmed the judgment, and the plaintiff brings the record to this court, and urges a reversal of the judgment of the Appellate Court.

There is no bill of exceptions in the case. The record does not disclose the reasons which defendants assigned for their motion to dismiss, the proofs they adduced, nor the reasons which led the court to its decision. It does not show, then, the judgment of the circuit court to be erroneous, and it is to be presumed to be correct where it is not shown by the record to be otherwise. Numerous are the cases which have thus held. In *Barger* v. *Hobbs*, 67 Ill. 592, where a plea of former recovery had been stricken from the files by the court below, this court said: "The orders and judgments of the circuit court are presumed to be correct, and it is only when they are clearly shown by the record to be otherwise,

that we are authorized to disturb them. If counsel desired us to pass upon the correctness of this ruling of the circuit court, he should have preserved the plea, and the ruling of the court thereon, in his bill of exceptions. Not having done so, we must presume that the court properly struck the pleas from the files." In *Bulger* v. *Hoffman*, 45 Ill. 352, the suit had been dismissed by the circuit court, and no bill of exceptions filed. The dismissal was assigned for error. This court held, that in the absence of a bill of exceptions "we must presume the appeal was dismissed for non-compliance with some proper rule or order of the court. It is impossible for this court, on what appears, to say why the appeal was dismissed. Appellant should have preserved the point by a bill of exceptions." In *Fanning* v. *Russell*, 81 Ill. 398, the circuit court, on motion, struck meritorious pleas from the files and rendered judgment by default, which was assigned for error. It was there said: "We can not, on this transcript, review the judgment of the circuit court in striking the pleas from the files. We have nothing in the record showing what cause was made to appear before that court. There is no bill of exceptions preserving the evidence heard by the circuit court on that motion. It will not be denied that cases may occur where such an order would be proper. There being no bill of exceptions to show the contrary, this court will presume that a proper case for such an order was made before the circuit court." And see *Casey* v. *Harvey*, 14 Ill. 45. Many more cases to like effect might be cited. These cases sufficiently answer the point made by plaintiff that a bill of exceptions is not authorized to be taken in the case of a motion like the present.

The point is made that the order of dismissal shows the reason for the dismissal of the suit, to-wit, that the injunction against the prosecution of the suit had been dissolved, and that where the order of dismissal itself shows the ground of the action of the court, there is no bill of exceptions neces-

sary, citing *Randolph* v. *Emerick*, 13 Ill. 344, as so deciding. In that case the court said: "The record recites a motion made by the defendant to dismiss the suit because no bond for costs had been filed by the plaintiff. This statement is sufficient to bring up the decision of the circuit court for revision. It affirmatively appears, from an entry on the record, that the court sustained a motion to dismiss, which the defendant had no right to interpose." What was there held was no more than that the clerk's entry was sufficient to show the character of the motion, and it being one of a dilatory nature, was not permissible after the time to plead in abatement had passed, so that it affirmatively appeared from the record that the defendant had no right to interpose the motion, and that it was error in the court to entertain it, the case showing that defendant had demurred to the declaration before making the motion to dismiss. In the present case the record does not show what was the ground of the motion for the dismissal of the suit, and we think there is room for doubt as to what was the ground upon which the court dismissed the suit, and hence it is not clearly shown by the record that there was error.

Does the order of dismissal, as plaintiff's counsel avers, show the ground of the court's decision in dismissing the suit? At the preceding term an entry had been made on the record that it appeared to the court that the cause was enjoined by proceedings in equity, and the case was continued to the next term. At the next term the motion is made to dismiss, and before proceeding to act upon that motion, it would have been very proper that it should have been made to appear to the court that the injunction had been dissolved, and make entry thereof on the record. Accordingly, the order of dismissal recites the entry of the motion, that it appeared to the court the injunction had been dissolved on final hearing, and *therefore* it is ordered that the suit be dismissed. Manifestly the mere removal of the

injunction to proceed in the cause would furnish no reason for the dismissal of the suit—it would but afford justification for proceeding to act upon the motion; and it would seem to be the proper construction of the order that it does not show the whole reason for the dismissal of the suit, but that it shows only a part of the reason of the court's action in the matter of the dismissal of the suit, to-wit, the reason for proceeding to act upon the motion; but that the ground of the court's decision in dismissing the suit rested upon the reasons which defendants assigned for their motion to dismiss, and the matter which was submitted to the court in support of the motion, all which the record fails to show. It is easy to conceive there might have been matter submitted to the court which would have justified the order of dismissal—there might have been a stipulation to dismiss. Plaintiff's objection to the motion does not rebut this.

It is claimed it was error to award a return of the property because there was no return by the officer upon the replevin writ, and therefore nothing to show plaintiff had obtained possession of the property. One assignment of error in the Appellate Court was, that the court below erred in ordering a return of the property *replevied*. This would seem to be an implied admission that plaintiff had got back the property by the writ. If plaintiff had failed to get the property, we must think he would, under the statute, have turned his action into one of trover. But it seems enough to say, that for all this record discloses it may have sufficiently appeared before the court, on the hearing of the motion to dismiss and for an order of return, that the property had in fact been seized by the officer and turned over to the plaintiff, and in support of the order of return this court will so presume.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*