WILLIAM OFFIELD, use, etc.,

v.

FRANK SILER ET AL.

1. BILL OF EXCEPTIONS, WHEN NOT NECESSARY.—When the record shows that the grounds of the motion, as well as the grounds of dismissal, were that the court below had no jurisdiction, it is sufficient to bring up the decision for revision, and no bill of exceptions is necessary.

2. Jurisdiction.—Where a suit was brought in the county court by appellant against appellees to recover damages of five hundred dollars sustained by him by reason of the killing of his sheep by appellees' dog, and the court had jurisdiction of appellees. *Held,* that the court had jurisdiction of the subject-matter. The action was based on Ch. 8 of the R. S., and § 24 of that chapter gives a justice of the peace jurisdiction to a certain amount, and § 7, Ch. 37 R. S. gives the county court jurisdiction to the amount of $1,000 in all cases where a justice of the peace had jurisdiction.

Appeal from the County Court of Will county; the Hon. Charles B. Garnsey, Judge, presiding.  Opinion filed August 20, 1884.

Messrs. Olin & Phelps, for appellants; that the county court had jurisdiction, cited R. S. Ch. 79, § 13, Ch. 8, § 24.

Messrs. Hill & Dibell, for appellees; that the motion, ruling and exception are not before the court because not preserved and presented by a bill of exceptions, cited Buettner v. Norton Mfg. Co., 90 Ill. 415; Hyatt v. Brown, 82 Ill. 28; Thompson v. White, 64 Ill. 314; Horn v. Neu, 63 Ill. 539; Gaddy v. McCleave, 59 Ill. 182; Douglass v. Parker, 43 Ill. 146; Daniels v. Shields, 38 Ill. 198; Lucas v. Farrington, 21 Ill. 32; Parsons v. Evans, 17 Ill. 238.

Lacey, J.   This suit was brought in the County Court of Will county by the appellant against the appellees, to recover damages sustained by him by reason of the killing of his sheep by the latter's dog.

The declaration charged that on March 9, 1883, the appellees were the owners of a certain dog, and the appellant was the owner of 200 sheep worth $1,000, which had been farmed out to Frank Lamb to keep and use for two thirds the increase and yearly fleeces, under which Lamb was to pay to appellant one half the value of all sheep killed by dogs; and that on the 9th of March, '83 (appellees knowing that the dog was accustomed to kill sheep) the dog killed one sheep and chased and worried the rest, and thereby caused the death of thirty more and the death of thirty lambs, prematurely dropped in consequence of said chasing, to the damage of appellant of $500.

The appellees, without pleading, entered their motion to dismiss the suit for want of jurisdiction in the county court to try the cause. The court sustained the motion and dismissed the suit for want of jurisdiction, at appellant's costs, and appeal is taken to this court, and the action of the court is assigned for error. It is urged on the part of the appellees that the question can not be raised in this court, for the reason that there was no bill of exceptions preserved showing the grounds of the motion or an exception to the ruling of the court in sustaining the motion. The appellant denies that under the facts of the case any bill of exceptions was necessary.

We have fully examined the decisions of the Supreme Court in reference to the question, and are of the opinion that no bill of exceptions was necessary. We observe that the grounds of the motion as shown by the record as well as the grounds of dismissal were that the court had no jurisdiction. In Randolph v. Emerick, 13 Ill. 344, it was held that where the record showed the grounds of the motion and for dismissal it was sufficient to bring up the decision for revision, and that no bill of exceptions was necessary; and the correctness of this decision was recognized in Blair v. Ray et al., 103 Ill. 615; nor was it necessary that an exception be preserved by bill of exceptions if, as in this case, it was shown by the record and probably not even necessary to preserve one at all. Zimmerman v. Cowan, 107 Ill. 637.

If, as the record discloses, the ground of the dismissal was want of jurisdiction, there could be no extrinsic matter shown to inform the court of the fact, more than appeared from the declaration and summons. It must be that the court lacked jurisdiction, if at all, either of the person of the appellees, or of the subject-matter of the suit; and as it would be improper to dismiss the suit for want of jurisdiction of the person, it must be determined from the declaration whether the court had jurisdiction of the subject-matter; and this must necessarily have been the question upon which the court was called on to pass.

Then did the court have jurisdiction? The appellees were

duly in court and the court had jurisdiction of their persons and the cause of action was based upon Chap. 8, entitled "Dogs," R. S., and section 24 of that chapter gives a justice of the peace jurisdiction to a certain amount; and by Chap. 37 Sec. 7, R. S., the county court is given jurisdiction to the amount of $1,000 in all cases where a justice of the peace has jurisdiction. Thus the county court had jurisdiction in this case of the subject-matter and it is not necessary to decide whether or not a justice of the peace would have jurisdiction of the subject-matter of the suit under Sec. 13 of the Justice and Constable Act.

It follows, therefore, that the court erred in dismissing the suit for want of jurisdiction. The judgment of the court is reversed and the cause remanded.

Reversed and remanded.