## JOHN H. EVANS
### v.
## THE PEOPLE.

*Bastardy Proceedings—Appeal—Dismissal—Second Appeal—Evidence.*

1. Courts take judicial notice of their own records.

2. A record of dismissal, unless it appears otherwise therein, is a bar to a second appeal.

3. In order to pass upon the merits of the action of a court on a motion, the grounds of the same and the collateral facts must appear in a bill of exceptions, unless the order of the court discloses the grounds upon which it acted.

[Opinion filed May 28, 1888.]

APPEAL from the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding.

The facts in this case are, that at the October term, 1886, of

Evans v. The People.

the County Court of Warren County, the case was tried before a jury and a verdict rendered against appellant, the then defendant, upon which a judgment was rendered on the 9th day of November, 1886, and on that day he prayed an appeal to the Circuit Court, which was " by the court allowed on filing bond in the sum of $800 in twenty days from this date, the said bond to be approved by this court." On the 18th day of November the bond was filed and on the 19th was presented to and approved by the county judge. On the 29th day of December, 1886, all the papers were filed in the Circuit Court, and on January 3, 1887, being the first day of the January term of the Circuit Court, a motion was made on the part of the people to dismiss the appeal, which was by the court allowed, and at the same time, on motion of appellant, leave was granted to withdraw his appeal bond by leaving a certified copy. On March 5, 1887, counsel for appellant made a motion in the Circuit Court for leave to withdraw the papers filed in the cause, which was allowed; and the papers were withdrawn, and were taken back to the County Court and re-filed therein on that day, March 5th. On March 7, 1887, the case was reinstated upon the docket of the County Court and an approval of the bond made by the court. The record of January 6th was an allowance of the motion of the people made January 3d to dismiss the appeal, and allowing motion of defendant below to withdraw appeal bond. The motion of March 5th was an independent motion by defendant to withdraw papers.

The papers were re-filed in the County Court, approval of the bond made, and were, on April 23, 1887, taken back and re-filed in the Circuit Court, where, at the May term, 1887, the appeal was again dismissed. The record as made out and certified by the circuit clerk, at the instance of appellant's attorney, did not contain the orders made in the case at the January term of the Circuit Court. It being claimed that inasmuch as those orders were not introduced in evidence and preserved in a bill of exceptions, they are not properly a part of the record in this case.

Mr. R. J. GRIER, for appellant.

The case still being in County Court on the matter of the approval of the appeal bond, the Circuit Court could not dismiss the appeal so as to preclude appellant from rightfully taking the case into the Circuit Court at the May term, after the proper approval of the appeal bond in the County Court. Hook v. Richeson et al., 106 Ill. 392.

The appeal was not perfected until the bond had been approved by the County Court. Approval of the bond was necessary. Miller v. Superior Machine Co., 79 Ill. 450.

The case was not out of the County Court and in the Circuit Court until the bond had been filed and approved. Simpson et al. v. Alexander, 5 Gilm. 260; Branigan v. Rose et al., 3 Gil. 133.

The order of the County Court was that the bond should be approved by the court. The judge, then acting at chambers, in vacation, could not approve the bond. Statute, title Courts, Chap. 37; McFarland v. McFarland, 4 Ill. App. 157.

The court having adjourned the day the order granting the appeal was entered, there was no court which could approve the bond until the next term, to wit, the February term, 1887.

Messrs. KIRKPATRICK & ALEXANDER, for appellee.

An appeal can only be taken when given by statute, and the provisions of the statute granting appeals must be strictly complied with. Kemper v. Town of Waverly, 81 Ill. 279; Murphy v. McDonald, 3 Ill. App. 19; Andrews v. Rumsey, 75 Ill. 598; Bowlesville Co. v. Pulling, 89 Ill. 58; Hileman v. Beale, 115 Ill. 355; Rozier v. Williams, 92 Ill. 188.

The power of a court ceases at the end of the term. Goucher v. Patterson, 94 Ill. 525; Cook v. Wood, 24 Ill. 296; Becker v. Sauter, 89 Ill. 596; Dunham v. Commissioners, 87 Ill. 185; Baragwanath v. Wilson, 4 Ill. App. 82.

An appeal may be prayed at any time during the term. McMillen v. Bethold, 40 Ill. 34; Balance v. Frisby, 1 Scam. 595.

And can not be allowed after the term. Marris v. Deshazo, 4 Rand. (Va.) 460; Bagley v. Hazard, 4 Yerg. 487.

LACEY, J. The question presented by this record is whether

the first dismissal of the appeal from the County Court was a bar to the second appeal. Upon the decision of this question, if in the affirmative, depends the right of the appellant to maintain the case in court upon the second appeal, or the second time he filed his papers in the Circuit Court.

We think that the dismissal of the appeal might, at least, be a bar to the presentation of any other appeal in the same case. If the appeal had been dismissed simply because it had not been perfected in the proper manner by the bond and security being approved in open court, the dismissal of the appeal as first presented might not have been a bar to any further appeal. But if the appeal had been dismissed by agreement, or for other reasons than the not perfecting the appeal in the proper form, the dismissal would be a bar. There was no bill of exceptions presented on the dismissal of the appeal January 6, 1887, and we are unable to see upon what grounds it was dismissed. A general record of dismissal stands against the second presentation of the appeal and everything will be presumed in favor of its being a bar unless it otherwise appears from the record. The dismissal is general, as appears from the record, and we must presume that it was a final disposition of the entire appeal unless, by bill of exception preserved, it otherwise appears. The appeal at first presented in the Circuit Court was brought there by the appellant as being perfect. If the appellee had made no motion to dismiss and the case had gone to trial and been tried on its merits, can it be doubted that the proceedings would have been sustained and the proceedings upheld? Under such circumstances the informality in the approval of the appeal bond would have been regarded as waived by the appellee. It has been held by the Supreme Court uniformly that in order to pass upon the merits of the action of the court on a motion, the grounds of the motion and all the collateral facts must be preserved in a bill of exceptions. Buettner v. Norton Mfg. Co., 90 Ill. 415; Hyatt v. Brown, 82 Ill. 28; Thompson v. White, 64 Ill. 314; Horn v. Neu, 63 Ill. 539; Goddy v. McClure, 59 Ill. 182; Douglass v. Pratt, 43 Ill. 146; Daniels v. Shields, 38 Ill. 198; Lucas v. Farrington, 21 Ill. 32; Parson v. Evans, 17 Ill. 238; Snell v. Trustees, etc., 58 Ill. 290.

There is, so far as we can discover, but one exception to the rule, and that is in cases where the dismissing or other order of the court discloses the grounds upon which the court acted as shown by the following cases: Offield v. Seller, 15 Ill. App. 308; Randolph v. Emerick, 13 Ill. 344; Blair v. Ray, 103 Ill. 615; Zimmerman v. Cowan, 107 Ill. 637. In Blair v. Ray et al., *supra*, the court say: "But the ground of the court's decision in dismissing the suit rested upon the reasons which defendants assigned for the motion to dismiss, and the matter which was submitted to the court in support of the motion, all of which the record fails to show. It is easy to conceive there might have been matter submitted to the court which would have justified the order of dismissal; there might have been a stipulation to dismiss." The plaintiff's objection to the motion does not rebut this. If there had been an agreement in the case at bar to dismiss the appeal of January 6, 1887, as a final disposition of the case, can it be doubted that an order of dismissal under such circumstances would have been a final disposition of the appeal? and this and other facts to uphold the general order of dismissal as final we are bound to suppose existed in the absence of a bill of exceptions. The written motion is no part of the record. The appellant should not have submitted to a general order of dismissal without a bill of exceptions showing the grounds on which it was based. He should have asked to withdraw the papers and to strike the case from the docket. And if the court had erroneously ruled against him he could have appealed. Two appeals in the same case will not lie, and courts will take notice of all the records in the case. It was not necessary to plead the first dismissal in bar. The court could and should take notice of its own record of dismissal previously made. It was not necessary that the first order of dismissal should have been preserved in a bill of exceptions. The record order of dismissal was before the court, which it was bound to take notice of. It is not necessary to pass on the other questions raised in the case.

Judgment is therefore affirmed.

*Judgment affirmed.*