Ora B. Esmond et al., Executors, Appellees, v. S. E. Esmond, Appellant.

Gen. No. 5,008.

1. APPEALS AND ERRORS—*what subject to review in absence of bill of exceptions.* A judgment appealed from, in the absence of a bill of exceptions, will only be reviewed with respect to those matters which form a part of the common law record.

2. APPEALS AND ERRORS—*when ruling subject to review, in absence of bill of exceptions.* The action of the lower court in dismissing an appeal is subject to review even though no bill of exceptions is contained in the record.

3. APPEALS AND ERRORS—*when appeal should not be dismissed.* Where a party appeals from a judgment of a court of limited jurisdiction and has filed a transcript and an appeal bond has been properly approved, the appeal may not be dismissed for any informality or insufficiency in the transcript without giving the appealing party a reasonable opportunity to correct the defect.

4. APPEALS AND ERRORS—*what questions cannot be raised on review.* A question cannot be raised on review which was not raised in the trial court.

5. PRACTICE—*what transcript in appeal from court of probate need not contain.* A transcript in an appeal from the court of probate to the Circuit Court need not contain the entire proceedings in the estate, such as the probate of the will, unless the appeal is from the probate of the will.

Objections to executors' report. Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1908. Reversed and remanded. Opinion filed August 10, 1908.

H. M. KELLY and D. B. SNOW, for appellant.

CHASE FOWLER, GEORGE P. HILLS and BROWNE & WILEY, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

On March 12, 1907, Ora B. Esmond and Thomas W. Esmond, as executors of the last will of Cornelius W. Esmond, deceased, filed in the Probate Court of La Salle county a report as executors of said estate. On May 27, 1907, S. C. Esmond, appellant, filed certain objections, involving several thousand dollars, to portions of the report made by the executors. There was a hearing in the Probate Court on the objections. On June 27, 1907, the court overruled the objections and made an order approving the report of the executors. From the judgment overruling the objections S. C. Esmond prayed an appeal to the Circuit Court. A transcript was filed in the Circuit Court October 1, 1907. The case was set down for hearing at the October term of the court by agreement of both parties for December 24, 1907, and reset for January 6th. At the hearing on January 6th after the opening statements had been made to the court by counsel for both parties, the record shows that "the court stated that he would have to dismiss the appeal in the cause for the reason that it does not appear that the persons named in the transcript were ever appointed executors in said estate, or ever qualified as such, or that any such estate is pending in the Probate Court; thereupon counsel for objector, S. C. Esmond, moved the court for a *certiorari* to the clerk of the Probate Court for more perfect record, which motion the court overruled and thereupon dismissed said appeal." From the order of

the Circuit Court dismissing that appeal the objector prosecutes this appeal.

There is no bill of exceptions in the record. The ordinary rule is that the judgment of a court cannot be reviewed without a bill of exceptions showing the grounds on which the court acted. To that rule, however, there is the exception when the judgment appealed from concerns a matter of pleading. The exception also includes cases where the record shows the grounds on which the court acted. Wiggins Ferry Co. v. People ex rel., 101 Ill. 446; People ex rel. y. C. & N. W. Ry. Co., 200 Ill. 289; Alley v. McCabe, 147 Ill. 410; City of Rockford v. Compton, 115 Ill. App. 406; Offield v. Siler, 15 Ill. App. 308; Radke Brewing Co. v. Granger, 101 Ill. App. 599.

The record in this case states that the court dismissed the appeal for the reason that it does not appear from the transcript that the persons named therein were executors in said estate. An assignment that the court erred in so dismissing the appeal is properly presented for decision without a bill of exceptions. It is not now contended by appellees that there was anything defective in the transcript or that it was necessary that the transcript should show the appointment of executors and the pendency of the estate in the Probate Court.

The transcript from the Probate Court shows a proper *placita* and sets out in full the report of the executors of the estate and the objections to such report by appellant. Only such part of the report as was objected to wherein the objections were overruled was appealed to the Circuit Court. No reason or authority is presented that requires the transcript from the Probate Court to show the entire proceedings in the estate. There was no necessity for the transcript showing the proceedings on the probate of the will unless the appeal was from the probate of the will. The record, showing the appellees as such executors had filed such report and that the Probate Court had approved it and overruled the objections thereto, was sufficient to show that

the Probate Court had such an estate before it. It may
be that upon the hearing of the objections, it might be
necessary to offer in evidence the will and other papers
in the estate, either to explain items in the account or
for the purpose of some point in the objections, but
that would not make it necessary to include such papers
in the transcript sent up on the appeal for the purpose
of giving the Circuit Court jurisdiction of the objec-
tions to the report. The appellees contend that the
appellant confessed that the record was imperfect by
asking for leave to procure a more perfect record. It
was the right of appellant, when the court had inti-
mated that he thought the record was insufficient, to try
to meet the views of the court by procuring a record
that would conform to the requirements of the court.

It is a general principle that where a party appeals
from the judgment of a court of limited jurisdiction,
and has filed a transcript and an appeal bond has been
properly approved, the appeal may not be dismissed
for any informality or insufficiency in the transcript
without giving the appealing party a reasonable oppor-
tunity to correct the defect, if it can be done, and he
desires to correct it. Statute of Amendments and
Jeofails, sec. 1. That opportunity was refused in this
case.

Appellees further contend that another reason may
be found in the record for dismissing the appeal. Ap-
pellees did not seek to have the appeal dismissed in the
court below on the ground they now contend was a good
cause for the dismissal, and the record shows that the
court did not dismiss it on that ground. Appellees can-
not raise a question here successfully which was not
raised in the court below and which the opposite party
has had no opportunity to meet, and concerning the
merits of which we refrain from expressing any opin-
ion in this decision, inasmuch as appellant desired to
have a more complete record from the Probate Court,
and that record might meet the reason urged in this
court for the dismissal. We think the court erred in

the dismissal of the appeal on the ground that the transcript was insufficient, and in not giving appellant an opportunity to file an amended transcript.

*Reversed and remanded.*