## O. G. MILLISON, for the use, etc.,
### *v.*
## ELI O. FISK.

1. GARNISHEE — *money in the custody of the law.* As a general rule, money which is in the custody of the law is not liable to be reached by garnishee process. It has been held, that money collected on execution and in the hands of a sheriff cannot be reached on garnishee process. So of money in his hands on the redemption of lands sold on execution. It has been held by other courts, that money cannot be so reached, in the hands of selectmen due a school teacher, in the hands of a public officer, held in his official capacity; so of money in the hands of a clerk; likewise in the hands of an administrator; the same of money in the hands of a United States marshal, and in the hands of the treasurer of a board of school directors for the payment of teachers, and was held not to be a debt due from the treasurer to the teacher.

2. The rule seems to be, that a person deriving his authority from the law to receive and hold money or property cannot be garnisheed for the same; because the money or property is in the custody or control of the law, and while it so continues it does not belong to the debtor. While it so remains, the law may control it, and it may never be paid to the debtor in execution.

3. SAME — *money in the hands of the school treasurer.* Where it appeared, that a teacher's schedules had been placed in the hands of a township school treasurer, for teaching in a district, and there were funds in the hands of the treasurer subject to be apportioned to that and other districts, but had not been when the garnishee process was served, but a portion of the fund was subsequently apportioned to the district and ordered to be paid on these schedules; *Held,* that the money was not liable to be garnisheed at the time of service, nor did it become so on that service, by the subsequent appropriation, whatever might have been the effect of a service after the order for its

payment and before its payment to the debtor in the garnishee proceeding. Nor can school directors be garnisheed for funds not in their hands or under their control.

APPEAL from the Circuit Court of Mason county; the Hon. JAMES HARRIOTT, Judge, presiding.

On the 28th day of March, 1865, John B. Wright filed the requisite affidavit, upon which a garnishee summons issued against George Williamson, Jacob Mowder and James Blakeley, school directors of school-district No. 4, Township 21, N. Range, 8 E., and Eli C. Fisk, township treasurer, which was served on each of them. This proceeding was heard upon an affidavit, from which it appeared, that, at the March Term, 1865, of the Mason Circuit Court, John B. Wright recovered a judgment for the sum of $152.50, against O. G. Millison. That on the 27th of March, 1865, execution was issued thereon to the sheriff to execute. It was returned by him, on the next day, indorsed "no property found."

At the October Term following, Fisk filed his answer to interrogatories which had been exhibited in the case. In his answer he stated that he had in his hands as treasurer of the township, and that were left in his possession two schedules calling for $131.25 in the aggregate, to pay which there was in his hands only $104.59, leaving a balance of $26.66, to be paid in April, 1866, the money to be paid to Millison as teacher in district No. 4, in that township.

At the October Term, 1865, the cause was tried by the court without the intervention of a jury, by consent of the parties. On the trial Fisk was called as a witness, and in explanation of his answer stated, that, when the garnishee process was served, he had in his hands money to be paid Millison, upon school schedules, which was due him as a teacher in district No. 4, in the township. That he at the time did not know how much money he had to pay to Millison on his schedules until after the semi-annual meeting of the trustees of his township, in April, 1865, when they apportioned the township fund to different districts, and there then fell to district No. 4, the

sum of $104.50; that the schedules were brought to him by Millison, upon one of which there was an assignment of $112.50, indorsed by Millison to Calvin Vallaningham on the 15th day of February, 1865.

After hearing the evidence the court rendered a judgment discharging all of the defendants, and for costs against plaintiff. He thereupon entered a motion for a new trial which was overruled, and plaintiff to reverse the judgment brings the case to this court by appeal.

Messrs. J. B. WRIGHT and H. E. DUMMER, for the appellant.

1. The court erred in holding the alleged assignment valid, and rendering judgment in favor of the garnishees. In the absence of proof of the good faith of the assignment, and of a consideration passed, the alleged assignment should have been held invalid.

This question seems to have been fully met and disposed of in the case of *Born* v. *Staaden*, 24 Ill. 320, 322. In the case cited the garnishee by his answer disclosed the fact, that, before process was served upon him as garnishee, he had been served with what purported to be an assignment of the debt owed by the garnishee, the assignment having the formality of an acknowledgment before a justice of the peace. The court say : "We are not prepared to say that the *bona fide* assignment of a debt before the service of the garnishee process may not defeat it, but it must be shown to be a *bona fide* assignment upon a consideration passed."

The court in the same case anticipated the argument to be derived from the hardships imposed upon the garnishee under such circumstances, and indicate that the garnishee may protect himself by notice to the assignee to appear and establish the genuineness of the assignment. And the court say, that, if the assignee, on reasonable notice, neglected to appear and vindicate the *bona fides* of the assignment, it would be a good defense by the garnishee to an action in the name of the creditor for the use of the assignee.

2. The defendant, Fisk, should have been held as a garnishee, although a township school officer, and to that extent a public officer.

In Connecticut and Pennsylvania it has been held that no public officer should be subject to be held as a garnishee, because he is bound to transact the public business, and should not be subject to the inconveniences incident to the position of garnishee. This is decided in *Buckley* v. *Eckert*, 3 Penn. 368, and in *Stillman* v. *Isham*, 11 Conn. 124.

Mr. LYMAN LACEY, for the appellee.

The township treasurer, and other officers created by the school laws of this State, are not liable to be garnisheed for the wages of teachers, because:

1. The language of the statute does not, in express terms, include public corporations or the officers of public corporations; and trustees of schools are public corporations. *Trustees of Schools* v. *Tatman*, 13 Ill. 27. But simply says, that, after judgment rendered, execution returned, etc., " on the affidavit of the plaintiff, or other creditable person being made, that the defendants have no property within the knowledge of such affiant, in his or their possession liable to execution, and that such affiant hath just reason to believe that another *person* or *persons* is or are indebted," etc., " such *person* or *persons*," etc.

2. Because public corporations, officers of public corporations, sheriffs, municipal corporations, etc., are not specifically mentioned in the attachment act. Will the courts construe it to include them?

I think not, because the legislature, at the time they passed the act, knew the construction that the various State courts had put upon these attachment laws, such a construction as is opposed to that doctrine, on the grounds of public policy and the inconvenience that officers would he subjected to if that doctrine should prevail, and this I believe without exception. Drake on Attachments, ch. 21, §§ 460, 461, 462, 463, 493, 497, and the cases cited.

In the case of *Bulkly* v. *Eckert*, 3 Penn. St. 368, it was decided " that money held in official capacity by a treasurer of a board of school directors, in common with other money to be applied toward the payment of teachers, according to the rules and regulations of the acts of the legislature for the maintenance of public schools, and not as a private debt, due from him to defendant, cannot be attached," which is in exact point with the facts in the case at bar.

In the case of *Stillman* v. *Isham*, 2 Conn. 124, the court held, that "public officers having money in their hands, to which certain individuals are entitled, are not liable to the creditors of those individuals, in the process of foreign attachment." This is a strong case in point, elaborately discussed, and well supported by authorities. See cases there cited.

This court has decided that money in the hands of a sheriff, collected on execution, cannot be garnisheed. *Reddick* v. *Smith*, 3 Scam. 457; *Pierce* v. *Carleton*, 12 Ill. 364.

1. In the case of *Lightner* v. *Steinagel*, 33 Ill. 513, it was held that money received from redemption of the sale of land cannot be garnisheed. In that case the general doctrine is laid down by this court that " from the authorities we deduce the principle that whenever an official holds money merely as the agent of the law he cannot be subject to the process; but, if any thing arises to change this relation from an official obligation to a personal liability, then he would become amenable to this process."

2. Why the case of a treasurer of a school township can be distinguished from the principle of the cases cited, I am unable to see; he is a public officer, liable to be called to account by the trustees for settlement; liable to be annoyed by the garnishee process, and dragged around from place to place to answer and defend suits. They hold a public trust and are required by law to *pay the money over to a particular person.* He would not be. personally liable to Millison for the amount of the schedule unless he had paid or done what was equivalent to paying the money to Millison and by agreement he had kept the money as the money of Millison and become discharged to

the trustees. This there is no pretense of, and there had not even been a demand by Millison and refusal to pay; he held the money in the same way and was indebted to Millison in the same way and no other, as a sheriff would be had he held the money collected on execution or from redemption.

3. In the case of *Hadley* v. *Peabody,* 13 Gray, 200, the question whether a public officer or corporation could be garnisheed or not was not raised at all, neither in the court below nor in the Superior Court, and was not noticed at all by the court.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This record presents the question whether money due a school teacher can be garnisheed in the hands of the district treasurer. The eighteenth section of the attachment act declares, that, when a garnishee shall be served and interrogatories filed, as provided by the act, he shall exhibit and file, under oath, an answer to such interrogatories. This section authorizes the plaintiff to interrogate him touching the lands, tenements, goods, chattels, moneys, credits and effects of the defendant, and the value thereof, in his possession, custody or charge, or from him or her due and owing to the defendant. The answer in this case states that the district owed Millison for teaching school, on two schedules, $131.25; and to pay the amount there was in his hands as treasurer $104, at the service of the writ.

As a general rule, money in the custody of the law, or in the hands of an officer of the law, is not liable to be reached by garnishee process. This court has held that money collected on execution by a sheriff is in the custody of the law, and is not liable to be garnisheed for a debt owing by plaintiff in execution. *Reddick* v. *Smith,* 3 Scam. 457; *Pierce* v. *Carleton,* 12 Ill. 364. It was again held, in the case of *Lightner* v. *Steinagel,* 33 Ill. 510, that money paid to the sheriff, and still in his hands, on the redemption of lands from a sale on execution, was not subject to the process of the garnishee act.

In the case of *Ross* v. *Allen*, 10 N. H. 96, it was held that the selectmen of a school-district cannot be held as garnishees for money due a school teacher. In the case of *Wendall* v. *Pierce*, 13 N. H. 502, it was held that money in the hands of a public officer, held in his official capacity to be paid to individuals, cannot be reached by garnishee process. In the case of *Deane* v. *McGavock*, 7 Humph. 132, the court held that money in the hands of the clerk of a court, held in his official capacity, was not subject to attachment or garnishee process. It was held in the case of *Curling* v. *Hyde*, 10 Miss. 374, that an administrator, having money in his hands as such, is not liable to be garnisheed. In other States, under express statutes however, such money may be reached in this mode. It was held in South Carolina, 1 Strobh. 239, that money in the hands of a United States marshal is not liable to attachment. It was held in the case of *Bulkley* v. *Eckert*, 3 Penn. St. 368, that money in the hands of a treasurer of a board of school directors, to be applied towards the payment of teachers under the requirements of the law, is not a debt due from the treasurer to the teacher. From these cases, and other authorities which might be cited, we may deduce the rule, that a person deriving his authority from the law to receive and hold money or property cannot be garnisheed for the same when held by him under such authority.

The reason is that the money or property is in the custody of the law. And while it so remains it is not the property of the debtor, to satisfy whose debt the process is instituted. Nor is such officer his debtor. And while the money is in the hands of the officer the law may control it, and prevent its ever reaching the hands of the person whose debt is thus sought to be satisfied.

In this case the money was in the hands of the township treasurer, when the garnishee process was served, and no portion of it had been distributed to the districts. It was still a common fund, and, until subsequently apportioned to the districts, the treasurer had no authority to pay a dollar of it on these schedules. Nor had it been specifically appropriated to

pay Millison, and until the trustees directed, by their order as such, that a portion of the fund should be paid on these schedules, the money was not in the hands of the treasurer for their payment. Up to the time the apportionment was made, the money was liable to be appropriated to other purposes. The treasurer could not pay money to any one, except upon the order of the trustees. Until he had the control of the funds, he was not liable to be garnisheed, if even then. He cannot be said to have owed, or have funds of Millison in his hands, when he, or any one else, could not know whether a dollar of the money he then held would be appropriated for the payment of these schedules; and it is clear, that he could not be garnisheed before the money was appropriated to be paid to Millison, whatever might be afterward held, if garnisheed, nor did the subsequent order of the trustees change his liability. The money was not in the hands or under the control of the directors, and hence there can be no pretense, that they were liable to be garnisheed.

The judgment of the court below is affirmed.

*Judgment affirmed.*