# THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY et al.

## v.

## CITY OF CHICAGO.

*Filed at Ottawa, January* 19, 1893.

| | |
|---|---|
| 144 | 301 |
| 144 | 392 |
| 144 | 391 |
| 151 | 307 |
| 152 | 29 |
| 144 | 391 |
| 156 | 496 |
| 144 | 391 |
| 165 | 616 |
| 144 | 391 |
| 170 | 413 |
| 144 | 391 |
| 79a | 170 |
| 144 | 391 |
| 194 | ¹523 |

1. SPECIAL ASSESSMENT — *ordinance therefor — void for uncertainty.* An ordinance for making a system of sewers, etc., under which a special assessment was made, among other things, provided that, "for all rock excavations, in addition to his price per foot of sewer, the contractor is to receive a compensation of —— dollars per cubic yard," which blank was nowhere filled, and also that "the commissioner of public works reserves the right to make any changes in the foregoing plans and specifications that the said commissioner may deem desirable or necessary, and the contractor shall furnish any additional materials, or do any additional work required by such changes at the rate said department shall determine to be just." *Held,* that the ordinance was invalid.

2. LOCAL IMPROVEMENT — *ordinance authorizing commissioner to reject any and all bids, invalid.* An ordinance for the construction of a local public improvement, which provides that the commissioner of public works reserves the right to reject any proposal, etc., of bidders for a contract to do the work, etc., at his discretion, is in conflict with section 50 of chapter 24 of the Revised Statutes, which requires all contracts for making any public improvement, when the expense thereof shall exceed $500, shall be let to the lowest responsible bidder.

APPEAL from the County Court of Cook county; the Hon. G. W. BROWN, Judge, presiding.

Mr. ALBERT H. MEADS, Mr. PLINY B. SMITH and Messrs. GARDNER & McFADON, for the appellants.

Mr. JOHN S. MILLER and Mr. GEORGE A. DuPUY, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This appeal is from a judgment of the County Court of Cook county confirming an assessment for a system of sewers in Sixty-seventh street, Madison avenue and Seventieth street, in the city of Chicago, and for a pumping station in connection

with said system of sewers and for an outlet from said pumping station into Lake Michigan.

It is, among other things, provided in the ordinances under and by virtue of which this assessment is made, that "for all rock excavation, in addition to his price per foot of sewer, the contractor is to receive a compensation of —— dollars per cubic yard," and this blank is nowhere else filled. And again: "The commissioner of public works reserves the right to make any changes in the foregoing plans and specifications that the said commissioner may deem desirable or necessary, and the contractor shall furnish any additional materials or do any additional work required by such changes at the rate said department shall determine to be just."

It is enough to say these provisions are condemned in *Foss* v. *City of Chicago*, 56 Ill. 354; *Wright* v. *City of Chicago*, 60 id. 312; *U. B. Ass'n* v. *Chicago*, 61 id. 439; *Walker* v. *Chicago*, 62 id. 286; *Village of Hyde Park* v. *Carton*, 132 id. 100. And it is unnecessary to repeat their reasoning.

In another ordinance "the commissioner reserves the right to reject any proposals at his discretion," which seems to be directly in the teeth of section 50, chapter 24, Revised Statutes, 1874.

The judgment is reversed and the cause is remanded with directions to the court below to enter judgment refusing to confirm the assessment.                    *Judgment reversed.*