A. B. McCHESNEY *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa, June 19, 1894.*

| 151 | 307 |
| 80a | 534 |
| 151 | 307 |
| d91a | [1]144 |
| 151 | 307 |
| 94a | [1]490 |
| 151 | 307 |
| 101a | [1]600 |
| 151 | 307 |
| d200 | [1]291 |
| 151 | 307 |
| 108a | [2]570 |
| 151 | 307 |
| 115a | [1]410 |

1. BILL OF EXCEPTIONS—*when necessary.* The object of a bill of exceptions is to preserve in the record such matters as occur during the trial which are not a part of the record, and in such cases, the erroneous ruling must be excepted to. But where an error appears in the record as made up by the clerk, no exception to the judgment of the court is necessary.

2. Where objections to the confirmation of the roll in a special assessment proceedings are based on the insufficiency of the ordinance, and are questions of law only, presenting nothing to be tried by a jury, no bill of exceptions is necessary to enable the objectors to assign for error the ruling of the court upon such objections.

WRIT OF ERROR to the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding.

Mr. F. W. BECKER, for the plaintiffs in error.

Mr. M. W. ROBINSON, Mr. W. E. THORNE, and Mr. ADOLPH KRAUS, for the defendant in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the Court:

The County Court of Cook county entered a judgment confirming a special assessment on proceedings under an ordinance of the city of Chicago, and this writ of error is sued out on that record. The ordinance under which those proceedings were had was held invalid by this court in *Lake Shore & M. S. Ry. Co.* v. *City of Chicago*, 144 Ill. 391. The contention of defendant in error is, that no exception was taken to the order of the court overruling the objections of the plaintiff in error to the confirmation of the assessment roll, and, therefore, error can not be assigned upon such order.

The objections made to the confirmation of the assessment roll were based on the insufficiency of the ordinance, and were questions of law, and presented nothing to be tried by a jury. The order of court shows that fact. No bill of exceptions is necessary, as the object of a bill of exceptions is to preserve in the record such matters as occur during the trial which are not a part of the record, and in such cases the erroneous ruling must be excepted to. *Randolph* v. *Emerick*, 13 Ill. 344; *Zimmerman* v. *Cowan*, 107 id. 631. Where an error appears in the record proper as made up by the clerk, no exception to the judgment of the court is necessary. *The Wiggins Ferry Co.* v. *The People ex rel.*, 101 Ill. 446.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*