101   599
e115  1411

## Radeke Brewing Co. v. A. L. Granger. Adm'r, etc.

1. RECORDS—*Written Motions Can Not be Made a Part of, by the Act of
the Clerk.*—A clerk of a court of record can not make a written motion
a part of the record by copying it into the transcript on error or appeal.
Such a motion can only be made a part of such record for the purposes
of error or appeal by a bill of exceptions.

2. GARNISHMENT—*Administrators Amenable to Such Process.*—An
administrator is amenable to process of garnishment for the amount of
a widow's award in his hands at the instance of a party having a judg-
ment against her.

Garnishment.—Appeal from the Circuit Court of Kankakee County;
the Hon. JOHN SMALL, Judge, presiding. Heard in this court at the
October term, 1901. Reversed and remanded. Opinion filed April 11,
1902.

W. R. HUNTER, attorney for appellant.

A. L. GRANGER, attorney for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

The F. D. Radeke Brewing Company obtained judgment
in attachment against Julia Murphy for $650. A. L.
Granger, administrator of the estate of Richard J. Murphy,
deceased, was summoned as garnishee, and filed an answer
to interrogatories, in which he stated that Julia Murphy
was widow of said Richard J. Murphy, deceased; that in
said estate a widow's award of $540 was made to her by
the appraisers, and approved by the court, and that she filed

her relinquishment and selection, electing to take said award in money; that the first-class claims allowed against said estate had all been paid, exclusive of costs of administration, and $750 remained in his hands as administrator, and that he had no other money or property in his hands in which Julia Murphy has any interest. Thereupon the garnishee moved to be discharged upon his answer, and said motion was granted and he was discharged. This is an appeal by the brewing company from said order.

The garnishee filed a written motion assigning at length reasons why he should be discharged, which the clerk has copied into the record. There is no bill of exceptions, and said written motion can not be made a part of the record by the act of the clerk, and it is not before us. But we conclude the record proper of the proceedings in the cause sufficiently shows the character of the motion, and that the garnishee was discharged upon his answer, so that the correctness of that ruling is presented for decision. (Randolph v. Emerick, 13 Ill. 344; McChesney v. City of Chicago, 151 Ill. 307; Offield v. Siler, 15 Ill. App. 308.) To support the discharge of this garnishee on his answer we must hold either that a widow's award is not subject to garnishment, or that an administrator may not be garnisheed at all to reach funds in his hands by virtue of that office, or that he can only be so summoned after an order has been made upon him to pay over the money to the judgment debtor.

Is a widow's award subject to garnishment? The case of Barnum v. Boughton, 55 Conn. 117, is not in point. Under a statute there in force the Probate Court set apart a sum for the support of the widow pending the settlement of the estate, and had power to revoke the allowance if at any time the court ascertained it was not needed for the supply of her wants. That fund was held not subject to garnishment in the hands of the administrator for a judgment against the widow. There the widow did not own the fund. Our statute makes the widow's award "her sole and exclusive property forever." We have no statute making the property awarded to the widow, or selected by her under the

award, specially exempt from execution or attachment or liability for her debts. We have no authority to extend the statute of exemptions by construction. It is true it is the primary object of the award to furnish her the means for the support of herself and family for a time. Suppose she has obtained this support on credit. Why should not the property awarded to her pay the debt, subject to the exemptions the law allows? If she selects a span of horses upon her award, they become her absolute property. Why should they not be subject to execution? If she elects to take money instead of property, as the administration act allows her to do, and she deposits it in a bank, it is her absolute property. Why may not the bank be garnisheed by her judgment creditor? If she should receive this $540 and should then be met by a demand for payment of an execution against her, in the hands of an officer, with notice to schedule, must she not include the money in her schedule? We think we are not authorized to declare such property or money exempt, except as she may be able to establish the same exemptions to which the statute entitles any execution debtor under like circumstances.

It seems to be conceded an administrator may be garnisheed for money in his hands after he has been ordered to pay it to the judgment debtor. It was so held in Bartell v. Bauman, 12 Ill. App. 450. The principle announced in Smith v. The People, 93 Ill. App. 135, leads to the same conclusion. This is also implied in Ladd v. Judson, 174 Ill. 344, where the court said:

"If it be conceded that the property could not be levied upon, still the executor, if he has in his possession or power any property, effects, choses in action or credits belonging to Mrs. Judson, may be summoned as garnishee in an action by attachment."

The dissenting opinion in that case contains a collection of authorities supporting the proposition that an executor or administrator may be garnisheed after an order of distribution has been entered. In 1897 a statute was enacted containing the following provisions:

"That hereafter it shall be lawful to summon adminis-

trators and executors as garnishees, and they may be garnisheed with respect to any moneys, goods, chattels, lands, tenements or other estates belonging to any devisee or legatee under any will, or belonging to any heir or distributee of any estate; but no final judgment shall be rendered against such administrator or executor until after an order of distribution has been made by the County Court out of which his letters testamentary or of administration issued."

The provision that no final judgment shall be rendered against an administrator or executor garnisheed under this act till an order of distribution has been entered by the court in which the estate is still pending for settlement, plainly implies that the administrator or executor may be summoned as garnishee before such order has been entered. Assuming, as we do, that before that statute was adopted an administrator or executor was amenable to garnishee process after an order of distribution had been made, we are of opinion that the purpose of this act was to enlarge the remedy of those who are judgment creditors of heirs, distributees, legatees and devisees of a deceased person. The requirement of an order of distribution before garnishment must have frequently defeated the creditor. If the administrator or executor was disposed to favor the heir, distributee or legatee, he could either make payment before such an order had been entered, or immediately after the order and before garnishee summons could be sued out and served. The object of this act was to give the creditor a remedy which neither the debtor nor the personal representative could evade.

It is argued some heir may yet apply to the County Court to have the widow's award reduced or set aside, or that upon some application to sell real estate to pay debts an attack may be made upon it. This is true, but after an order has been made by the County Court to pay the money to the widow the administrator will be as well protected in paying the money upon her debt under a judgment against him in this cause as he would be if he paid it to the widow in obedience to an order to that effect. When the County Court has made an order on the administrator

to pay the widow, the administrator will not be justified in disobeying the order because of the possibility that before the estate is settled some one may question the award.

We are asked to direct the court below to enter judgment against the garnishee on his answer.   The costs of administration which are a claim prior to the widow's award, have not been paid.   No order of distribution has been made   The answer discloses that Julia Murphy was formerly administratrix of this estate, and that though she resigned and Granger was appointed in her place, she has not yet filed her report nor been formally discharged. When she files her report the County Court may find she has some funds of the estate in her hands which should be charged against her award or applied as a payment thereon.   All things considered, the cause should await an order by the County Court to pay the award.

The order is reversed and the cause remanded.