## Equitable Trust Company and John J. Rooney, executors, etc., v. Martin Clark.

### Gen. No. 11,585.

1. DISTRIBUTEE—*who not, within meaning of statute authorizing garnishment of executor or administrator.* A creditor of the estate is not a distributee within the meaning of the act referred to.

2. EXECUTOR AND ADMINISTRATOR—*when not subject to garnishment.* An executor or administrator is not subject to garnishment at the instance of a creditor of a creditor of the estate, where no order of distribution has been made.

Contest in court of probate. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed March 21, 1905.

**Statement by the Court.** Appellee filed a petition in the Probate Court of Cook county in which he states that he recovered a judgment for wages against the deceased of whose estate appellants are executors, in the lifetime of the decedent, for the sum of $74.50, in pursuance of which judgment an execution had been issued and returned no part satisfied. The petitioner prayed for an order on appellants as executors requiring them to pay the amount due under the judgment.

In answer appellants allege that after the filing of such petition, a garnishment proceeding was begun before a justice of the peace in the name of appellee for use of John J. Rooney, assignee, for use of a third party and against appellants as executors and garnishees, in which after conditional judgment a final judgment was rendered against them for $24.57; that appellants are entitled to have this sum deducted from the $74.50 for which appellee recovered judgment, and they consent to the entry of an order on them to pay appellee the remaining $49.43. The Probate Court refused to make the deduction, allowed the full amount of appellee's judgment against the estate and ordered its payment. Appellants took an appeal to the Circuit Court,

where the order of the Probate Court was affirmed. From this judgment this appeal is prosecuted.

KRETZINGER, GALLAGHER, ROONEY & ROGERS, for appellants.

JOHN M. DUFFY, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellants (one of whom as an assignee of the judgment against appellee attempted to garnishee himself as an executor) argue that the garnishment proceeding against the executors is authorized by section 35, chapter 62, R. S., wherein it is provided that administrators and executors may be garnisheed, with respect to any money or other estate "belonging to any devisee or legatee under any will or belonging to any heir or distributee of any estate." The contention is that appellee, a creditor of the estate, is a "distributee" within the meaning of the act referred to. This contention cannot be sustained. A creditor merely as such is not a "distributee" of an estate any more than he is a devisee or legatee or heir. Wolf, Ex'r., v. Griffin, 13 Ill. App. 559. The term "distributee" applies to persons who are entitled to take under the statute or in the distribution of intestate estate or estate undisposed of in a will. R. S., sections 1 and 12, chapter 39. A widow's award has been held subject to garnishment under our statute which "makes the widow's award 'her sole and exclusive property forever.'" Radeke Brewing Co. v. Granger, 101 Ill. App. 599. In that case she was treated as a distributee.

It is urged, however, that if a creditor of an estate is not a distributee within the meaning of the act, still appellants were subject to garnishment for money in their hands after the same had been ordered paid to appellee as creditor of the estate. It might be a sufficient answer to this contention that so far as the record shows no such order of payment had been made when the garnishment proceeding in controversy was prosecuted. It was said by Mr. Justice Phillips in his dissenting opinion in Ladd v. Judson, 174 Ill. 344-

353, that it was "because the right of garnishment did not. exist as against administrators and executors" that the legis-- lature by the act we have above referred to "endeavored to. remedy the difficulties arising from the want of power of a creditor to garnishee" them with respect to land, money, etc., "belonging to any heir or distributee of an estate;" and that "in the absence of special statutes it is a well recognized rule of law that an executor or administrator can not in his official capacity be held liable as garnishee at suit of a cred-- itor of a decedent or of one who is a legatee or distributee or creditor of an estate;" and "no garnishment can be had against an executor or administrator of a distributive share of a devisee to an estate until the court has decreed a dis- tribution of the proceeds in the hands of an administrator." In Millison v. Fisk, 43 Ill. 112-118, it is said, after citing cases: "From these cases and other authorities which might be cited, we may deduce the rule, that a person deriving his authority from the law to receive and hold money or prop-- erty cannot be garnisheed for the same when held by him, under such authority." Of course, under express statute the rule might be otherwise. In Radeke Brewing Co. v. Granger, *supra,* the court assumed that before the statute above referred to was adopted in this state, "an adminis- trator or executor was amenable to garnishee process after an order of distribution had been made." The view. was; expressed (idem, p. 602) "that the purpose of the act was. to enlarge the remedy of those who are judgment creditors of heirs, distributees, legatees and devisees of a deceased' person."

The right to summon executors before an order of distri- bution has been made is limited by the provisions of the statute to cases therein specifically mentioned. In the pres- ent case the garnishment was before order of payment and' before any order of distribution had been made. It is; clear that it was inoperative.

A motion has been made to strike the bill of exceptions from the files, one of the grounds of the motion being that the bill has been changed since it was signed by the trial'

judge. The views we have expressed make it unnecessary to consider the motion, but it seems to be necessary to call attention to the fact that records in this court import verity, and errors in bills of exceptions and charges of the character stated will not be considered here. Such matters must be settled in the court where the cause was tried.

The order of the Circuit Court is correct and it is affirmed.

*Affirmed.*