Staaland v. Thompson.

*Reversed and remanded.*

Erick Staaland, for use, etc., et al., v. Oley Thompson, Executor.

Gen. No. 4,517.

1.  GARNISHMENT—*act of 1897, as to executors, construed.*  The purpose of this act was to remedy the evil existing prior thereto and should be construed to accomplish that purpose, if compatible with its terms.

2.  GARNISHMENT—*what will not defeat creditor's rights as against*

*heir.* The conveyance by an heir of his interest in the real estate left by his ancestor will not defeat a garnishment subsequently instituted in which the executor is served, where the will of the deceased conferred upon the executor a power of sale and the conveyance by the heir, or a copy thereof, was not filed in the office of the clerk of the court of probate.

Garnishment proceeding. Appeal from the Circuit Court of Stephenson County; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1905. Reversed and remanded. Opinion filed August 1, 1905.

BURCHARD & BURRELL, for appellants.

HENRY C. HYDE, for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

Andrew E. Thompson died testate February 12, 1902, and at the time of his death was the owner of certain real estate. By his will, after directing the payment of funeral expenses and debts, he gave to each of two children by his first wife, $500. All the residue of his estate, which included all his real estate, he devised to his six children by his second wife, in equal parts. Thomas A. Thompson was one of these six children.

The fourth clause of the will is as follows:

" I nominate and appoint my son Oley Thompson, to be the executor of this, my will, and direct that he be not required to give bonds as such executor, and I authorize and empower my said executor to sell at public or private sale all or any portion of my real estate for the best price obtainable and upon such terms as he may deem for the best interest of my estate, and to convey the same to the purchaser or purchasers the same as I could do if living."

On the 14th day of February, 1902, the will was filed in the County Court of Stephenson County, and on March 13th following, was admitted to probate, and on the same day the executor therein named qualified as such and letters testamentary were issued to him by the court. On the 17th day of February, 1902, three days after the will was filed and before it was admitted to probate and letters testamentary issued, Thomas A. Thompson by deed con-

veyed to Theodore O. Thompson, a brother, "all the right, title and interest of said grantor in and to all the real estate owned by his father, Andrew E. Thompson, deceased, at the time of his death, situated in the county of Stephenson, in the State of Illinois." This deed was filed for record in the recorder's office of Stephenson county on the day of its date. Appellants claiming to be creditors of Thomas A. Thompson, caused the executor of the will of Andrew E. Thompson to be served with process as garnishee in suits for the collection of their claims. The first of the processes was served on the executor March 13, 1902, another one March 19, 1902, and the other one October 12, 1903. On the 25th of April, 1904, the executor presented to the County Court of Stephenson County a report of his acts, receipts and expenditures as such executor. The report shows the personal estate lacked $377.34 of being sufficient to pay the funeral expenses, debts, insurance, taxes, charges and commissions, and the legacies to the two children of the testator's first wife. The report further states that under the power in the will, the executor sold all the real estate for the net sum of $7,221.02, and that after all indebtedness, costs and charges were paid, there remained for distribution to Theodore O. Thompson, as grantee of Thomas A. Thompson, $611.37. The report set out the fact of the executor having been served as garnishee at the suits of appellants, also the facts of the conveyance by Thomas A. Thompson to Theodore O. Thompson, that with the knowledge and consent of said Theodore O. Thompson, he had paid out $100 attorney's fees for legal services rendered him as such garnishee, and asked that he be allowed a credit of that amount on the distributive share of Theodore O. Thompson, as grantee of Thomas A. Thompson, and that he be authorized to pay the balance, $511.37, to said Theodore O. Thompson. Appellants filed objections to this item of the report on the ground that this money in the hands of the executor was subject to the garnishment processes. These objections, after setting out the claims and judgments of the objectors against Thomas

A. Thompson and the service of the executor as garnishee, alleged that the conveyance from Thomas A. Thompson to Theodore O. Thompson was invalid as a transfer of the right to the money in the executor's hands, because neither it nor a copy thereof was filed in the office of the clerk of the County Court before service of the executor as garnishee. Both counsel for appellants and appellee say the only question presented to either of the courts below for determination, was the validity of the conveyance from Thomas A. Thompson to vest in the grantee the title to what would otherwise have been the distributive share of the grantor. The County Court overruled the objections to the executor's report and entered an order and decree, finding that Thomas A. Thompson was, at the time he made the conveyance to Theodore, the owner of one-sixth of the real estate sold by the executor, that he conveyed his said interest to the grantee in a deed before service of garnishment process upon the executor, and that the grantee in the deed was entitled to the money in the hands of the executor arising from the sale of the grantor's interest in the land. An appeal was prosecuted from the order and decree of the County Court to the Circuit Court, where upon a hearing the objections were overruled and the executor directed to pay the proceeds of the sale of the real estate to Theodore O. Thompson, as directed by the County Court. Appellants prosecute a further appeal to this court.

The real question in this case involves a construction of the act of 1897 in relation to the garnishment of administrators and executors. That act is as follows: "That hereafter it shall be lawful to summon administrators and executors as garnishees and they may be garnisheed with respect to any moneys, goods, chattels, lands, tenements or other estates belonging to any devisee or legatee under any will, or belonging to any heir or distributee of any estate; but no final judgment shall be rendered against such administrator or executor until after an order of distribution has been made by the County Court, out of which his let-

ters testamentary or of administration issued. No assignment, transfer, or other disposition, by any heir, legatee or devisee of his distributive share, legacy or devise in the hands of any administrator or executor shall operate to defeat the garnishment of the same unless the said assignment, transfer, or other disposition is reduced to writing and filed in the office of the clerk of the County Court, out of which such letters testamentary or of administration were issued before the service of process of garnishment upon such administrator or executor." This statute is comparatively new, and we are, therefore, not furnished with authorities construing it for our guidance. Prior to its enactment it was held that an administrator or executor was not subject to garnishment process until after an order for distribution had been made. The result was that instances were rare where creditors were able to secure payment of an indebtedness through means of garnishment process against an executor or administrator. This court said in Radeke Brewing Co. v. Granger, 101 Ill. App. 599, with reference to this statute: "We are of opinion that the purpose of this act was to enlarge the remedy of those who are judgment creditors of heirs, distributees, legatees and devisees of a deceased person. The requirement of an order of distribution before garnishment must have frequently defeated the creditor. * * * The object of this act was to give the creditor a remedy that neither the debtor nor the personal representative could evade." Undoubtedly this enactment was to remedy defects that existed before its adoption. This statute authorizes the garnishment of an executor or administrator at any time, but prohibits final judgment against them until after an order of distribution has been made. The purpose of this portion of the act would seem clearly to be to preserve in the hands of an administrator or executor, for creditors of an insolvent or unwilling debtor, any distributive share of the estate that might belong to the debtor until such time as its exact amount could be ascertained, and at the same time not subject the administrator or executor to risk or annoyance. In order to

prevent any assignment or transfer by an heir, legatee or
devisee to some one else of his distributive share, legacy or
devise so as to avoid the effect of serving the administrator
or executor with garnishment process, it was further en-
acted that such assignment or transfer should not operate
to defeat the garnishment unless the assignment or transfer
was reduced to writing and filed in the office of the clerk
of the County Court, out of which letters testamentary or
of administration issued, before service of garnishment proc-
ess upon the administrator or executor. The object and
purpose of the statute seem very clear from a reading of it.
The contention of appellee is that it has no application to
this case, for the reason that Thomas A. Thompson was the
owner by devise of one-sixth of the real estate and that he
had the right, at any time while such owner and before any
liens had attached, to convey it to any one he pleased in
the ordinary methods of conveying land. We are of opin-
ion this contention is not sound. Thomas A. Thompson's
interest in the land was subject to the power of sale con-
ferred upon the executor. If that power had never been
exercised and the estate had been wound up without selling
the real estate, then the executor could never have become
liable under the garnishment process, for upon closing up
the estate there would have been nothing in his hands for
distribution. Whatever interest may have vested in the
devisees under the will, was subject to be divested by the
exercise of the power of sale conferred upon the executor.
When the sale occurred, the proceeds of it must pass
through the hands of the executor, and in contemplation of
law all the real estate of the testator was subject to pass
through the executor's hands by the exercise of the power
of sale contained in the will. The statute referred to
authorizes the garnishment of executors and administrators
with respect to lands and tenements belonging to a devisee
or legatee under the will, or heir or distributee of an estate,
as well as moneys, goods and chattels. It is apparent from
a report of the executor that a sale of at least a portion of
this real estate was necessary. If the owner of it had died

Staaland v. Thompson.

intestate, it would have descended to his heirs, but their title would have been subject to be divested by the sale of it for the payment of debts. If Thomas A. Thompson could, by executing a deed and filing it in the recorder's office in this case, place his interest in the estate beyond the reach of creditors by garnishment process against the executor, it would defeat the object of the statute in a great number of cases. In the case under consideration, the power to sell was conferred by will instead of by a decree of court. True, the exercise of the power was not limited to the necessities for paying debts, but was general and could be exercised according to the best judgment of the executor and for the best interests of the estate. No question is raised of the proper exercise of the power, and we are of opinion the filing of the instrument of conveyance in the office of the clerk of the County Court before service of garnishment process upon the executor, was essential to preserve the right and title of the grantee as against the garnishing creditors of the grantor. The statute was intended to enable the garnisheeing creditor to reach not merely the money or property in the hands of the administrator or executor at the time of serving him with process, but any money or property that may, during the administration of the estate, come into his hands for distribution to the heir, legatee or devisee when final settlement and an order for distribution is made, unless such interest of the heir, legatee or devisee has been assigned or transferred and the evidence of it filed in the office of the clerk of the County Court in the manner required by statute. We are of opinion the $611.37 in the hands of the executor was subject to the claims of the garnisheeing creditors, and that the court erred in overruling the objections to the executor's report and ordering him to pay the money to Theodore Thompson. The order and decree of the Circuit and County Courts are, therefore, reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*