## CARSON PETROLEUM CO. v. MOOR-CROFT et al.

(Circuit Court of Appeals, Seventh Circuit. April 12, 1926.)

No. 3617.

**1. Garnishment ⊝⟝1.**

Garnishment is statutory proceeding, to be invoked only in cases plainly within terms of statute.

**2. Garnishment ⊝⟝35—Executor or administrator is not subject to garnishment with respect to money due from the estate to a creditor under Illinois statute (Laws 1915, p. 463); "distributee."**

The term "distributee" in general, and as used in Illinois garnishment statute of 1915 (Laws 1915, p. 463), authorizing garnishment of an executor or administrator with respect to moneys, goods, etc., "belonging to * * * any heir or distributee of any estate," does not include a creditor, and an executor is not subject to garnishment with respect to money due from the estate to a creditor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Distributee.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Carson Petroleum Company against Harold Moorcroft and others. From an order quashing service of a writ of garnishment, plaintiff appeals. Affirmed.

Albert E. Isley, of Chicago, Ill., for plaintiff.

Samuel Adams, of Chicago, Ill., for defendant.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. Appellant brought suit in attachment in an Illinois state court against appellee Harold Moorcroft, a nonresident. The only service of the writ was by summoning as garnishee Ellen Holt, executrix of George Holt, deceased, said Moorcroft having theretofore secured against said deceased a decree for a large amount. There was also the statutory publication of notice of the attachment. At the time of service of notice on the garnishee, the claim on the decree had not yet been filed in the probate court of Cook county, Ill., where the estate of the deceased was pending.

The cause was removed to the federal court, where Moorcroft appeared specially and moved to quash the service. Appellee Edith Moorcroft filed an interplea alleging herself to be the owner of the decree by assignment from Harold Moorcroft. The motion to quash service was mainly on the ground that the executrix was not subject to garnishment by creditors of those to whom the estate was indebted, and that prior to the attachment the decree had been assigned. The court sustained the motion. Appellant contends that the executrix was under the law of Illinois subject to garnishment, and that the question of the ownership of the decree by the alleged assignment could not, as was done, be determined upon affidavits, and that in no event could appellee Harold Moorcroft be permitted to assert as a ground for his motion to quash that he had parted with his title to the decree.

[1, 2] Garnishment is a statutory proceeding and one to be invoked only in cases plainly within the terms of the statute conferring the right. Concededly, prior to 1897 executors and administrators were not the subject of garnishment in Illinois, with the possible exception of those instances where payment or distribution of funds had been ordered by the court in which the estate was pending. In 1897 the Legislature passed an act (Laws 1897, p. 231) making it lawful to summon administrators and executors as garnishees with respect to moneys, goods, etc., "belonging to any devisee or legatee under any will, or belonging to any heir or distributee of any estate." The act was afterwards held unconstitutional for certain defects in its title, but in 1915 (Laws 1915, p. 463) was re-enacted in the same words, and has thereafter been in force.

Harold Moorcroft, against whom the attachment suit was brought, was clearly neither devisee, legatee, nor heir, but was a creditor of the deceased, and, if statutory right to garnishment by his debtor is found at all, it must be in the term "distributee" as employed in the statute. Distributee is a word which has quite recently found its way into statutes and decisions, and the meaning to be given it must determine this question. In 18 Corpus Juris, 1291, it is said, "The term includes persons only who come within the statute of distributions and take intestate estates; the persons who are entitled, under the statute of distributions, to the personal estate of a person who is dead, intestate." "Distributee's share" is defined to be "a proportionate part of whatever fund is left after the debts and expenses of administration

have been paid." Black's Law Dictionary defines it to be "an heir; a person entitled to share in the distribution of an estate. This term is admissible to denote one, of the persons who are entitled under the statute of distributions to the personal estate of one who is dead intestate," and "distribution" is there defined to be "the apportionment and division under authority of a court of the remainder of the estate of an intestate after payment of the debts and charges, among those who are legally entitled to share in the same." Bouvier's Law Dictionary (16th Ed.) does not give the word, but defines distribution to be "division by order of the court having authority among those entitled thereto of the residue of the personal estate of an intestate after payment of the debts and charges." In the case of Wolf, Executor, v, Griffin, 13 Ill. App. 559, the question arose as to whether a creditor might be required to give a refunding bond under a statute providing that such bonds might be required of distributees. The court held that a creditor did not fall within the classification of distributees as used in the act, and could not be required to give bond, citing People v. Admire, 39 Ill. 251, Wisdom v. Becker, 52 Ill. 342, which tend to support this view. All these citations, or the cases upon which they were predicated, were extant before the act of 1897 was passed, and it is only fair to presume that it was passed in view of this construction which had been placed upon this word by courts in Illinois as well as elsewhere, and there is nothing in the statute to indicate any purpose to make the term more inclusive when employed in the Garnishment Act.

But before the act had been declared unconstitutional, and while yet apparently in force, it was again passed upon in Illinois in the case of Equitable Trust Co. et al. v. Clark, 119 Ill. App. 341, where the question was precisely the same as it is here, and the court upon full discussion concluded that a creditor of an estate is not a distributee within the meaning of the Garnishment Act, and that executors were not subject to garnishment at the instance of a creditor of any creditor of the deceased. It is true this was not a decision by the Illinois Supreme Court, and it is not as such binding. But, having in mind the generally accepted construction of the word before the original act was passed, and of this evidently well-considered Illinois opinion respecting the act itself in this regard, it is quite persuasive that when afterwards the Legislature re-enacted the law it was in view of this construction which had been placed upon the former precisely simi-

lar act, and that, if it did not intend this construction to attach, the phrasing would have been, as easily it might, such as to avoid it. Indeed, the inference is quite natural that the possible annoyance to such officers of the court through garnishment was intentionally limited so as not to extend to that ofttime large class, the creditors of a deceased. We cannot escape the conclusion that, under the construction generally given to the term, as well as by this inferential manifestation of legislative intent, creditors of a deceased do not fall within the purview of the statute in question. The other propositions need not be considered.

Judgment of the District Court is affirmed.