JENIKE, CHIEF OF POLICE, *v.* PRESTON.

(Decided March 24, 1930.)

*Mr. Gerrit J. Raidt,* for plaintiff in error.
*Mr. Bert H. Long,* for defendant in error.

HAMILTON, J. In the court of common pleas, David M. Preston, defendant in error here, brought his action against Thomas Jenike, chief of police of the city of Norwood, Ohio. The action was brought under favor of Section 10276, General Code, providing for suit against a garnishee. The trial of the case resulted in a judgment in favor of Preston and against Jenike, chief of police. Error is prosecuted seeking a reversal of that judgment.

The facts upon which the right to bring the action is based are as follows:

In February, 1927, the police of Norwood, Ohio, arrested two men, upon a charge of larceny of an automobile. At the time of the arrest the prisoners were searched by the police, and money in the aggregate sum of $218.03 was taken from their persons, and taken into custody by the chief of police, Jenike.

It appears that the prisoners had, a short time prior to their arrest, sold to Preston the automobile which later proved to have been stolen, for which he paid the sum of $225. Preston brought an action in the court of Harold Hilton, a justice of the peace, and filed an affidavit in attachment and garnishment, and caused notice to be served upon Jenike, the chief of police, garnishee, the notice requiring Jenike, the chief of police, to appear in Hilton's court. It appears that on the 16th, two days after the arrest, the prisoners were arraigned before the mayor of Norwood, and bound over to the grand jury of Hamilton county, Ohio. The prisoners were taken to the

Hamilton county jail on the 16th of February, 1927, and the money which had been taken from the prisoners was delivered to the jailer, and passed from the custody of Jenike, the chief of police.

On February 23, Jenike, the chief of police, appeared in the squire's court, and, as garnishee, answered that he was not then possessed of money or other property belonging to the prisoners; that after the service of summons he had turned the money over to the jailer of the Hamilton county jail, and that he did not then have in his possession the property of the prisoners. Justice Hilton thereupon issued an order, ordering Jenike, the chief of police, to turn the money over to his court, which order was not complied with.

Preston obtained a judgment in the justice's court against the two prisoners for the amount he paid for the automobile. He thereupon instituted an action against Jenike, chief of police of the city of Norwood, Ohio, under favor of Section 10276, General Code.

Jenike, the chief of police, challenges the jurisdiction of the justice's court. If the justice of the peace was without jurisdiction in the premises, no action would accrue to Preston under the statute.

Counsel for plaintiff in error stresses the point that no proper service was made upon Jenike, the chief of police, and, therefore, the justice of the peace acquired no jurisdiction. We pass that point with the observation that Jenike, the chief of police, received the notice of the garnishment while the money taken from the prisoners was in his custody, and in obedience to the notice answered in the justice's

court. So that any defect in the service of the notice was waived.

The jurisdiction of the justice of the peace turns on whether or not the officer under the circumstances was exempt from garnishment. This question has never been passed upon by the courts of Ohio, and has required an exhaustive investigation.

In Drake on Attachment (7th Ed.), Section 494, it is held "that no person deriving his authority from the law, and obliged to execute it according to the rules of law, can be charged as garnishee in respect of any money or property held by him in virtue of that authority"—citing *Brooks* v. *Cook,* 8 Mass., 246.

This author further cites the Supreme Court of Illinois as stating the law to be "that a person deriving his authority from the law to receive and hold money or property, cannot be garnisheed for the same when held by him under such authority." Citing *Millison* v. *Fisk,* 43 Ill., 112.

In Section 506 the author, Drake, citing a Massachusetts case (*Robinson* v. *Howard,* 7 Cush., 257), states the court as having held it to be the law that money taken by an officer in the performance of his official duty could not be charged in respect thereof as garnishee, and states this to be the rule in Massachusetts, Maryland, North Carolina, South Carolina, Alabama, Tennessee, Illinois, Missouri, Wisconsin, California, and Maine.

In the case of *Robinson* v. *Howard, Trustee,* 61 Mass. (7 Cush.), 257, the syllabus is as follows: "An officer is not liable, by the trustee process, to a creditor of a person arrested by him on a criminal war-

rant, for money or other property, taken by the officer under color of his official duty, from the person of his prisoner, and for which he gives the latter a receipt.''

In the case of *Morris* v. *Penniman*, 80 Mass. (14 Gray), 220, 74 Am. Dec., 675, it is stated in the syllabus: ''A watch delivered without objection by a person arrested on a charge of larceny of other property to the officer arresting him cannot be attached while in the officer's hands.'' And the court, in deciding the case, cited the case of *Robinson* v. *Howard*, 7 Cush. (Mass.), 257.

In the absence of statute, and of decision in Ohio to the contrary, we hold the law to be that property taken by an officer under color of his official duty is not subject to garnishment in the hands of the officer.

The only section under which the garnishment proceeding could be had in this action before the justice of the peace is Section 10265. This provides that, when the plaintiff or his agent, etc., ''has good reason to believe, and does believe, that any person, partnership or corporation in the affidavit named, has property of the defendant in his possession, describing it, * * * he shall leave with such garnishee a copy of the order of attachment, with a written notice that he appear before the justice * * *.''

Nowhere is there found in the statutes authority for garnishment against a public officer, holding funds or property coming into his possession in the discharge of his public duties.

It is suggested by counsel for defendant in error that the judgment in this case could be sustained on the proposition that the garnishment proceeding and judgment are against Jenike personally, and that

the addition of the words, "Chief of Police," is but *descriptio personæ;* that the action and judgment is in fact and effect an action against Jenike personally, which is authorized by the statute.

That the action is against the chief of police and not against Jenike personally is clearly shown in the following allegation of the petition: "Plaintiff further says that on the 17th day of February, 1927, the said Leonard Morris and Edw. Woxman were arraigned before the mayor of the city of Norwood on the criminal charge and were by said mayor held to the grand jury of the county of Hamilton and thereupon committed to the Hamilton county jail; that when said defendants Morris and Woxman were committed to Hamilton county, Ohio, jail the said *Chief of Police of the City of Norwood,* in disregard of the order of attachment issued by the said Harold L. Hilton, Justice of the Peace, and after service of said attachment and garnishment proceedings being served upon him, delivered the money in his possession, held to the credit of said Morris and Woxman, to the authorities in charge of the Hamilton county, Ohio, jail." This allegation shows clearly the action was intended to be and was an action against Jenike, as chief of police.

Further, at the trial, counsel for Preston, in his opening statement to the jury, declared as follows:

"That is a regular petition with a bill of particulars which is accompanied by an affidavit in attachment. Bond was posted and Mr. Hilton went to the Chief of Police with the order directing him to hold the money he had taken off these two prisoners, subject to the order of his court, to appear on the 26th of February to answer. That having been done, the

case set for trial, and on the day it came to trial before Mr. Hilton, Mr. Preston was there and the *Chief of Police of Norwood was there*. The case was heard and judgment was rendered against these two men in jail on behalf of Mr. Preston, and thereupon the order of attachment which had been issued out of Squire Hilton's court was ordered sustained and the Chief of Police ordered to turn over the money that had come into his custody when he took it off these two men.

"It was divulged that the *Mayor of the City of Norwood,* having heard the preliminary examination of the two thieves, bound them over to the grand jury and had sent the money to the Hamilton County jail together with the prisoners, thus disregarding the order out of a duly constituted court to hold it.
* * *

"We are relying upon the statute of Ohio which you will hear about and we ask, when we have proved substantially the facts, for judgment in the amount of money these men had on them and which money was attached and left with the *Chief of Police,* amounting to $218.00."

At this point, counsel for the defendant moved that the action be dismissed, on the opening statement of counsel for plaintiff.

This opening statement of counsel shows conclusively that the action was against the chief of police of the city of Norwood, and, there being no provision in law for garnisheeing a public officer, the motion should have been granted. Moreover, there is no evidence in the case that Jenike personally ever had this money in his possession.

The judgment of the court of common pleas is

reversed, and judgment will be entered here in favor of the plaintiff in error.

*Judgment reversed and judgment for plaintiff in error.*

CUSHING, P. J., and ROSS, J., concur.